# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI,

FIRST JUDICIAL DISTRICT.—May Term, 1836.

## Marsh v. Turner & Lisle.

A vendor, who conveys in fee simple to the purchaser from his vendee, retains a lien on the lands for the purchase money, in the hands of such purchaser. Wash J. dissenting.

4   253
44a  659

APEAL from the circuit court of Carroll county.

Opinion of the court delivered by Tompkins J.

Marsh filed his bill on the chancery side of the circuit court against the defendants, stating that he sold land to Lisle and gave his bond for a title when the land should be paid for; that Lisle gave him two bonds for the payment of fifty dollars each, for the land; that some time thereafter, Lisle and Turner came to his house and representing to him that the land had been sold by Lisle to Turner, requested him to convey it directly to Turner, that he did so convey the land; that although the deed on its face imports that the consideration of one hundred dollars was paid to him, yet nothing was paid; that Turner knew the consideration had not been paid by Lisle, and that Lisle had become insolvent; and concludes with a prayer that the land in the hands of Turner may be subjected to the payment of the bonds executed by Lisle to him in payment for the land. The answer of Turner admits that he paid nothing to Marsh for the land, and that the land was conveyed to him at the instance of Lisle and himself, as stated in the bill. He admits also, that two bonds were executed as stated in the bill, by Lisle to Marsh to secure payment for the land, but denies that he knew whether Lisle had paid any part of the purchase money at the time Marsh conveyed to him; he states that he was informed, and believed that Lisle had assigned to Marsh a note or obligation on some body for a considerable sum of money, to secure to Marsh the payment of the consideration money of the land,—Some evidence was

Statement of the case.

33

MAY TERM
1836.

Opinion of the
court.

A vendor who
conveys in fee
simple to the pur-
chaser from his
vendee, retains a
lien on the lands
for the purchase
money, in the
hands of such
purchaser. Wash
J. dissenting.

given of a note or obligation passed by Lisle to a third person to be collected, out of the proceeds of which Lisle said Marsh should be paid when collected. The money it seems was not collected, and Lisle afterwards treated the note as his own property.

Lisle admits that the purchase money was not paid, and that he is insolvent.

The circuit court decreed against the claim of Marsh, and to reverse that decree he appeals to this court.

Turner in his answer, admits that he knew that Lisle did not pay for this land when Marsh executed his bond for the conveyance, and that he knew Lisle had also executed his bonds to Marsh for the consideration money.

At the request of himself and Lisle, Marsh conveyed directly to himself instead of conveying in the terms of his bond to Lisle. One would suppose that for much better reason the lien of Marsh would now attach than if Marsh had conveyed first to Lisle, and then Lisle had conveyed to him. It is difficult to resist the conclusion that Turner knew Marsh had not beeen paid; after stating as he did, that he knew Lisle had executed bonds for the consideration of the land, and his understanding that a note had been assigned for securing the payment of the money; we may safely say he knew enough to induce him to inform himself of the state of the affair; and that it was gross negligence to remain ignorant. We are of opinion that the circuit court erred in dismissing the bill of the complainant. Its decree is therefore reversed and the cause remanded.

WASH Judge.

I dissent from the opinion above delivered.