Wm. A. Gibson, Respondent, v. John Lair et al., Appellants.

1. *Vendors and Purchasers—Equity.*—A purchaser of land with notice of the equities of a prior purchaser, takes the land subject to such equities.

## Appeal from Greene Circuit Court.

This was an action commenced in the Greene Circuit Court by Gibson against Jno. Lair and C. B. Holland. The petition set forth that Lair in the year 1860, being the owner of certain real estate in Greene county, sold the same to plaintiff Gibson for $350, and executed and delivered to plaintiff a contract in writing whereby he covenanted to convey said land to plaintiff on payment of said sum. The plaintiff thereupon took possession of said land, and erected and made thereon certain valuable improvements, consisting of a dwell-

ing-house, &c.; that plaintiff continued to occupy said land until some time in the year 1863; that Lair left the State and went south, and has since remained there; that previous to Lair's departure, when said money became due, plaintiff entered into a further contract with said Lair to extend the time for payment, until said Lair should demand payment, unless plaintiff chose to pay said sum before demand; that plaintiff has been ready, able, and willing to pay said sum for the last two years; and that he now holds the same subject to the order of this court; that after the purchase of said land by him, the same was attached at the suit of one Gott, and after judgment obtained sold to satisfy said judgment, at which sale defendant C. B. Holland became the purchaser and that he is now in possession of said premises; that said Holland purchased with notice of plaintiff's claim. Plaintiff then asked judgment that the said contract between plaintiff and John Lair should be specifically performed, and that said Holland surrender said premises to plaintiff, and execute to him therefor a quit-claim deed—plaintiff being ready and hereby offering to specifically perform said contract on his part in all things, and to pay the purchase money on receiving the title to said premises. The petition also contained a prayer for general relief. There was publication as to Lair, and summons as to Holland; who at the return of the writ appeared and filed a motion to strike out all that portion of the petition that related to himself, which motion was overruled, and Holland excepted. Holland then filed his answer, in which he alleged a willingness to make plaintiff a deed to and surrender possession of said premises on payment to him of the purchase money and interest on said real estate; and concluded by praying the court to make the payment of said amount the condition of said defendant's giving possession of, and making a deed to, plaintiff for said real estate. At the next term a final decree was rendered, divesting said defendants of all title to said real estate, and decreeing that Holland surrender possession of said real estate to plaintiff upon demand; and on failure to so deliver possession, that a writ

of restitution issue; that plaintiff pay the purchase money and interest into the hands of the clerk of the court, and that in default of the payment of said sum into court that this decree be held for naught, and that, after the payment of costs, the clerk of the court to retain the residue of the money in his hands, subject to the order of the court. No instructions or declarations of law were asked by either party, and the trial was by the court. Holland then filed his motion for a new trial and in arrest.

*E. B. Ewing*, for appellants.

Lair, by reason of the sale under execution, had been divested of title, (Hatch v. Cobb, 4 John. Ch. 560,) and the purchaser, Holland, taking it without notice of the prior sale, is therefore bound by no equity to give it effect. (Shields v. Trammell, 19 Ark. 60-1.) The petition manifestly shows no cause of action against Holland, no right to ask a decree against him for title. It is clearly insufficient to charge Holland with notice. (R. C. 1855, p. 1219; Earl v. Picken, 1 Russell & M. 548.) The title bond not being recorded, Holland could not be affected by it unless he had actual notice. (R. C. 1855, p. 364, §§ 40-1-2; Davis v. Ormesby, 14 Mo. 176.) The allegation being immaterial required no answer, and was not admitted by failing to answer. (R. C. 1238.) The form of the averment, even if the matter had been legally sufficient, is inadmissible in pleading, and appellant might well for that reason also treat it as so much verbiage. (R. C. 1855, p. 1238, § 46.)

After such a lapse of time a court of equity would presume the contract rescinded or abandoned. (Ballard v. Walker, 3 Johns. Cas. 63, 65.) The party seeking performance must show that he has not been in fault, but has taken all proper steps towards performance on his part, and has been ready, desirous, and prompt to perform; and without this a specific performance will not be decreed. (Rogers v. Saunders, 16 Me. 95-101.)

The matters alleged in the petition do not excuse the

delay. (See case just cited.) The alleged understanding for indulgence in paying the purchase money was based on no consideration, and is no evidence of acquiescence on the part of Lair in the delay. In every case it will devolve on the party seeking relief in a court of equity, to account for his delay; or if any circumstance show negligence or raise presumption of abandonment of the contract, or if the land has risen in value, and he has laid by to take advantage of this, he will not be entitled to a decree. (Brown v. Covellard, 6 Cal. 566.)

Contracts are specifically enforced in equity, not as a right but discretionally, and this mode of relief is withheld, if the court cannot get at the whole case to do entire justice, (5 Harring, Del., 74,) and will be refused when circumstances render it inequitable or improper. (Morey v. Farmers' Loan Co., 4 Kernan, 304.)

*T. A. Sherwood,* for respondent.

The court very properly overruled the motion of defendant Holland to strike out all that portion of plaintiff's petition in so far as it related to said defendant. If he deemed himself improperly joined with Lair as party defendant in the action, or that the petition was insufficient, his proper course was to demur, and not move to strike out. Such a course of procedure is unknown to our practice. (Sœding v. Bartlett, 35 Mo. 90.)

The averments of plaintiff's petition were admitted by the default of Lair, and the failure of Holland in his answer to deny them. Holland was, by his own admission, a purchaser with notice of a previous sale, and there is no doctrine better settled than that " he who takes with a notice of equity, takes subject to that equity." (Jackson's case, Lane, 60 ; 2 Sug. Vend. 268; Mead v. Oney, 3 Ark. 238; Earles Brook v. Bulkley, 2 Ver. 498; Taylor v. Stibbert, 2 Ves. Jr. 437; Crofton v. Ormsly, 2 Scho. & Lef. 583; 1 Yeats, 291.)

Under a prayer for general relief, the plaintiff will be entitled to any relief consistent with the facts set up in his pe-

tition; (Kelly's Heirs v. McGuire, 15 Ark. 555; Truebody v. Jacobson, 2 Cal. 269; Spucy v. Frazee, 7 Ind. 661;) and there can be no doubt that Gibson upon those facts was entitled to specific performance of the contract set forth in his petition as against the defendant. (Potter v. Saunders, 6 How.; 1 Sto. Eq. § 674; Dunbar v. Frederick, 2 Ball & Beat, 304; Farrar v. Patton, 20 Mo. 81.)

HOLMES, Judge, delivered the opinion of the court.

This was a petition in equity for a specific performance of a contract in writing for the sale of a lot of ground, and for a deed to be executed on payment of the note given for the purchase money. The purchaser was put in possession and made valuable improvements. The vendor left the State. The petition was taken as confessed against him, and the answer of the other defendant admitted all the facts which were necessary in order to entitle the plaintiff to the relief prayed for. The decree appears to have been fully warranted by the case made, and was entirely in accordance with the equity and justice of the case. The respective rights and claims of the defendants to the money can be readily ascertained and determined on a direct application by motion of the court for that purpose.

We discover no ground for reversing the judgment which has been rendered. The other judges concurring, the judgment is affirmed.