————o————

A. C. CLARK, Respondent, *vs.* JOHN M. RYNEX, Appellant.

1. *Notary's certificate—When need not express itself as under seal.*—Where an actual seal of office is affixed to a notary's certificate, it is not rendered invalid by the failure of the officer to declare either in the testimonium or in the body of the certificate that it was attested by his seal.

2. *Married women—Title—Equity, etc.*—The title of a married woman to real estate, can only be divested by proceedings in equity.

*Appeal from Linn Common Pleas.*

*A. W. Mullins,* for Appellant.

I. The certificate of the notary was not given " under the hand and official seal" of said notary. The certificate was therefore insufficient. (W. S., 275, § 12 ; 960, § 6 ; 2 Greenl. Ev., § 294; Dail vs. Moore, 51 Mo., 589.)

II. The court erred in excluding the evidence offered by defendant to show that the title of Jane Miller, under which plaintiff claimed, was fraudulent as to the creditors of Isaac Miller, the husband of said Jane Miller. (Bobb vs. Woodward, 42 Mo., 482; Peyton vs. Rose, 41 Mo., 257 ; Mattison vs. Ausmuss, 50 Mo., 551; Gutzweiler vs. Lachman, 28 Mo., 434; Somes vs. Skinner, 16 Mass., 348.)

*S. P. Huston,* for Respondent.

I. One, relying on a legal defense in his answer, cannot at the trial avail himself of an equitable defense. (Kennedy vs. Daniels, 20 Mo., 104; Hayden vs. Stewart, 27 Mo., 286.)

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for a lot of land in the town of Brookfield in Linn County. Both parties claimed under Isaac Miller.

The plaintiff's claim of title was, First—A deed from Adams and wife and Scott and wife to Isaac Miller, dated

July 18, 1868: Second—A deed of trust from Isaac Miller and wife to G. W. Martin, for the use of George W. Adams and James M. Scott, dated July 18, 1868: Third—A deed from George W. Martin, as trustee, to Jane Miller wife of said Isaac Miller, dated October 15, 1870: Fourth—A deed from Jane Miller and Isaac Miller, her husband, to the plaintiff, dated December 17, 1870.

The defendant's chain of title consisted of a sheriff's deed of the 10th of November, 1870, made under a judgment rendered in the Common Pleas, on the 4th day of May, 1870, in favor of the defendant Rynex and one Crandall, and against the said Isaac Miller, for the sum of $273.00 and costs.

The jury found for the plaintiff, and a final judgment was rendered in his favor, from which the defendant has appealed to this court.

When the deed of trust from Miller and wife to Martin, as trustee, was offered in evidence, it was objected to, because the notary's certificate of acknowledgment did not show that it was under his official seal.

1st. The point taken is, that the certificate itself must state, that the official seal was affixed. This is the usual form ; but where the official seal is in fact affixed, that is sufficient without referring to it in the testimonium or body of the instrument. When a scrawl is used in place of a seal, the statute requires that the instrument must on its face express to be sealed. But where an actual seal is used, it need not be referred to in the instrument. This point must therefore be ruled against the appellant.

2nd. The defendant offered to prove, that the purchase, made in the name of Jane Miller at the trust sale, was paid for with the money of her husband, Isaac Miller. This evidence was properly excluded, as there was no foundation laid in the answer to warrant its admission. The title of Jane Miller was conveyed to her in October, 1870. If the purchase money was paid by her husband, the property would be liable to his creditors. But the title could only be severed from her by a proceeding in equity.

3rd. A husband holds his legal title in his wife's fee simple lands during coverture at least, and during his own life time by way of courtesy, if a child of such marriage be born alive. But under our statute, such interest in the husband is not liable to execution sale during coverture for his own debts. (2 W. S., 935, § 14.) And he himself can make no conveyance of the same. (Wannall vs. Kem, 51 Mo., 150.) The sheriff's sale, and deed to the defendant, under this view conveyed no interest held by the husband in this land by virtue of his marital rights.

On the case as presented here, the judgment is for the right party.

Judgment affirmed. Judges Vories and Sherwood concur; Judges Napton and Wagner absent.