HORD *et al.*, *Appellants*, v. TAUBMAN.

| | |
|---|---|
| 79 | 101 |
| 100 | 592 |
| 88a | 606 |
| 79 | 101 |
| 44a | 659 |
| 79 | 101 |
| 107 | 62 |
| 79 | 101 |
| 110 | 483 |
| 79 | 101 |
| 115 | 17 |
| 79 | 101 |
| 123 | 177 |
| 123 | 183 |
| 125 | 593 |
| 59a | 469 |
| 79 | 101 |
| 127 | 36 |
| 79 | 101 |
| 89a | 28 |

1   **Alteration of Writing.** Any alteration of a written instrument made in the absence of the party executing it, by one beneficially interested in it and having it in custody, is fatal to its validity.

2.   **Married Woman's Legal Estate:** IMPERFECT CONVEYANCE. A married woman and her husband joined in executing a conveyance of land, the legal title of which was vested in her in fee, in trust to secure the payment of a debt. After the deed was delivered it was discovered that the name of the trustee agreed upon had been omitted. Thereupon the beneficiary, in the absence and without the consent of the grantors, caused the trustee's name to be inserted. *Held*, that the deed as delivered did not pass either the wife's title or the husband's marital interest, and the alteration did not cure the defect. If the wife's interest had been a separate equitable estate the deed as delivered would have been good as an equitable mortgage.

*Appeal from Lafayette Circuit Court.*—Hon. Wm. T. Wood,
Judge.

AFFIRMED.

Plaintiffs were the beneficiaries and the trustee in a
deed of trust purporting to convey an undivided one-half
interest in a parcel of land, and in this action sought to
enjoin the sale thereof under a prior deed of trust securing
an indebtedness which they alleged to have been paid. The
property described in the deed of trust under which plaint-
iffs claimed, was owned by a married woman under a legal
title, and she and her husband executed the deed of trust
with the name of the trustee omitted therefrom.

One of the plaintiffs testified that when he gave the
deed to the recorder for record, the latter remarked that
there was no trustee named in it, and the plaintiff said he
supposed the notary public had omitted it, that John C.
Handley was the trustee agreed upon between plaintiffs and
the grantor, the husband; and at his request the recorder
inserted Handley's name in the deed as trustee; he further
testified that the grantor, the wife, understood that Hand-
ley was agreed upon as the trustee, and made no objection.

*Wallace & Chiles* for appellants.

*J. D. Shewalter* and *Alex. Graves* for respondents.

I.

SHERWOOD, J.—The doctrine of this court is well set-
tled as to the effect of the alteration of instruments when
made by those who are interested in them beneficially, and
who have them in custody, and in the absence of those who
execute them. In our latest adjudication on the subject,
(*First National Bank v. Fricke*, 75 Mo. 178,) where the au-
thorities inclusive of the case of *Haskell v. Champion*, 30
Mo. 136, are cited and discussed, the doctrine of the case

last named is followed, that it is contrary to the policy of the law to permit the owner and custodian of an instrument to change it, and then when charged with the fact, to claim that the alteration is immaterial. See also *Burnett v. Mc-Cluey*, 78 Mo. 676. The absolute inviolability of the instrument is superior to every other consideration, and if those who are to be benefited by the alteration, alter it or cause it to be done, the law tersely and sternly announces the consequence of such tampering. In this case, but for the additional words, there would have been no grantee, and consequently no title either legal or equitable passed by reason of the apparently perfect, though really imperfect conveyance. This will be made plainly to appear in the next paragraph. ·

## II.

The deed made by Reed and wife to Annie E. Russell only conveyed a title in fee to the grantee, and nothing more; hence she possessed no separate estate. Had she been the possessor of a separate estate, a very different phase of the case would present itself, and call for a different conclusion from that we shall be constrained to reach. If Mrs. Russell, by reason of the terms of the deed from Reed and wife, had been the recipient of a separate estate, then, doubtless, she being in consequence thereof, and in respect of the land conveyed, *pro hac vice a femme sole*, could, so far as executing an equitable mortgage is concerned, bind her separate estate by the execution of an instrument of conveyance in blank, and thus bring this case within the operation of the rule announced in *McQuie v. Peay*, 58 Mo. 56. In a later case the obligatory force of a promissory note when executed in blank by a *femme covert*, when possessed of a separate estate, *Morrison v. Thistle*, 67 Mo. 596, was announced. Here, on the contrary, as Mrs. Russell was merely invested with the fee, she could only be divested thereof in the mode expressly provided by the statute, to-wit: by a deed, (which means, of course, a perfect and

complete instrument,) executed conjointly with her husband, and acknowledged in the way pointed out by law. "Aside from the exceptional case above noted, a *femme covert* is utterly incapable of binding herself by a contract to convey her land either at law or in equity, except by compliance with the prescribed statutory form. An attempted contract on her part is not such compliance, nor is her disappointed intention to convey, clothed with those forms." *Shroyer v. Nickell*, 55 Mo. 264. And the intention and consent of Mrs. Russell to the transfer of her title could only be manifested in the prescribed mode, and could not be established by parol, nor cked out by verbal declarations or instructions as to the name of the trustee; nor could she have or authorize an agent to fill any blanks left in the deed either by mistake or intentionally. A married woman situated as was she, could have no agent to compromise her rights into their admission or damage her into their acts or recitals. *Wilcox v. Todd*, 64 Mo. 388; *Hall v. Callahan*, 66 Mo. 316.

As it was necessary that the instrument should have been complete, duly acknowledged and executed in conjunction with her husband in order to pass the interest of the wife, so, also, was it necessary that the deed in its form, execution and acknowledgment should possess the like requirements in order that it pass the marital interest of the husband. *Wannall v. Kem*, 51 Mo. 150; *Clark v. Bank*, 47 Mo. 17; *Clark v. Rynex*, 53 Mo. 380; *Bartlett v. O'Donoghue*, 72 Mo. 563; *Silvey v. Summer*, 61 Mo. 255; *McBeth v. Trabue*, 69 Mo. 642.

As the wife did not join the husband in the execution of a complete instrument, no title whatever passed by such instrument; in other words, in conveyance made under the provisions of the statute, (1 Wag. Stat., 935, § 14; R. S. 1879, § 3295,) of the fee of the wife, the title can only be transferred by an indivisible integer or not at all. This, plaintiffs concede is the controlling question in this case,

and as their right to an injunction is based on the validity of the deed of trust already mentioned, the judgment must be affirmed. All concur.