Meier, *Appellant,* v. Blume.

1. **Purchase with Notice**: AGENCY. He who takes with notice of an equity, takes subject to the equity. Notice is not necessarily positive information brought directly home, but any fact that would put an ordinarily prudent man on inquiry, and a party will be as much bound by notice given to his agent as if it was given to himself personally; and the fact that the agent may be unable to read and write will be immaterial.

2.   **Married Woman**: MISTAKE IN HER DEED CANNOT BE REFORMED.
As against a married woman a court of equity has no power to com-
pel specific performance, to reform a deed, or to do anything else
which will divest title to land out of her.   Hence, where there were
two deeds of trust executed by husband and wife, and both intended
to cover the same land, but by mistake the earlier deed described a
different tract, and because the holder of the later deed had notice
of the mistake the court decreed that the first deed should be re-
formed and enforced as a first lien against the true land ; *Held,* that
this decree was correct so far as it related to the husband's interest,
but erroneous so far as it related to the wife's, and as to her interest
the second deed must remain the first lien.

*Error to   Cole   Circuit   Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Wm.  S.  Shirk* for plaintiff in error.

*Hamilton & Fisher* for defendant in error.

SHERWOOD, J.—The  petition in this cause in substance
states that on October 1st, 1877, the defendants John B.
and Dinah Blume borrowed of the plaintiff Meier $1,000,
and to secure its payment executed a mortgage on inlot
560 of the City of Jefferson, with the usual conditions;
that default was made in the payment of the note and all
interest, and prays a foreclosure of said defendants' equity
of redemption, and that the property be sold for the pay-
ment of the debt and interest, etc. ; that defendant Hack-
man claims some interest in said property adverse to plaintiff
and the defendants Blume and Blume, and that plaintiff is
informed and believes that on the 28th day of January,
1876, the defendants Blume executed a deed of trust to one
Meyers as trustee of defendant Hackman to secure a debt
on a lot of ground described in said deed of trust as lot
566, at the corner of McCarty and Mulberry streets, and
that plaintiff is informed and believes that it was the pur-
pose and intent of the defendant at the time to make said
trust deed a lien on lot 560 at the corner of McCarty and

Mulberry streets, and that it was by mistake that the same was made to read lot 566 instead of 560; but at the time plaintiff made his loan and took his mortgage he had no notice or knowledge of said mistake, and no notice of any lien or incumbrance on said lot 560 in favor of said Hackman; that at the time plaintiff made his loan he employed and paid the recorder of land titles to examine the records and ascertain whether there was any incumbrance on lot 560, and said recorder informed him there was not; whereupon he took his said mortgage in entire ignorance of the mistake in Hackman's deed of trust. The prayer of the petition is in substance that plaintiff's mortgage be declared a prior lien on said lot to the equitable lien of Hackman's said deed of trust, and that the surplus arising from the sale of said lot 560 under plaintiff's mortgage over and above plaintiff's debt, interest and costs, be applied upon the debt of said Hackman.

The defendant Hackman, in his answer, after averring a want of knowledge as to the making of the mortgage to plaintiff, sets out the same facts substantially in relation to the making of a deed of trust by the Blumes to Meyers as trustee for him, and the mistake therein, and alleges that the mistake in describing the lot as number 566 was the mistake of the scribe or justice of the peace who wrote and filled out said deed of trust. The answer then proceeds to deny the allegation that plaintiff had no notice of the mistake and no notice or knowledge of the existence of any lien or incumbrance in favor of defendant on said lot 560, but alleges that plaintiff took his mortgage with full knowledge and notice of the mistake in Hackman's deed of trust, and with full and complete notice and knowledge of the existence of Hackman's prior lien on said lot 560. Judgment is then prayed that Hackman's deed of trust be reformed and corrected so as to read lot 560 instead of 566, and that it be declared the first lien thereon, and for further relief.

On the trial, the court having ruled that the burden

of proving that plaintiff had notice of Hackman's equitable lien was on the defendant Hackman, Hackman introduced in evidence his trust deed. He then introduced as a witness in his behalf the defendant John B. Blume, who testified in substance as follows: That he borrowed $600 from Hackman; that he intended to secure it by a deed of trust on lot 560, corner of McCarty and Mulberry streets, but by mistake the lot was described as 566; that he never owned lot 566, and that lot was not at the corner of McCarty and Mulberry streets; that he afterward borrowed $1,000 from Meier; plaintiff left it with his father, Louis Meier, with whom he dealt in arranging the matter; that he told the old man, Louis Meier, before the mortgage to the plaintiff was given, that "he had $600 on it already," and the old man said: "I reckon that makes no difference;" that he said nothing to the old man about having given a mortgage or deed of trust on it, nor was Hackman's name mentioned, nor was lot 560 mentioned, and that he (Blume) did not then know that there was any mistake in Hackman's trust deed.

Plaintiff then offered in evidence his mortgage sued on, and then placed on the stand his father, Louis Meier, who testified in substance as follows: That plaintiff left the money for Blume ($1,000) with him to give to Blume if the property was all right. As he and Blume came up to town to make the mortgage they talked about Blume's business, and Blume said: "I have some debts, amounting to about $600, on the property." I said: "I reckon that makes no difference." He said nothing about a mortgage or deed of trust. That they went to Belch's office, and he, Louis Meier, went to the clerk's office to have the title examined; that Major Lusk, the clerk and *ex-officio* recorder, said to him: "No, there is nothing against lot 560. Here is a deed of trust to Hackman, but it is on lot 566, and does not affect lot 560;" that the witness thought that lot 566 was a lot Blume had owned in the same block; that he went back and told Mr. Fisher (who wrote the

mortgage) at Belch's office, that the lot was clear; that the mortgage was made and the money paid to Blume; that he had never heard of a deed of trust to Hackman before; and never heard of any mistake in his deed of trust until long after Blume got his money. Major Lusk, the recorder, testified substantially the same as Louis Meier. Plaintiff, in his own behalf, testified in effect that his father made the loan for him, that he never heard of a trust deed on the lot to Hackman, nor of any mistake in it.

Thereupon the court entered a decree substantially finding, as the facts on which it is based, the making of the deed of trust to Hackman; that the note and $48 interest remain unpaid; that lot 566 was written by mistake in the mortgage for lot 560 by the scribe or justice who wrote it; that lot 566 is not on the corner of McCarty and Mulberry streets, and was never owned by Blume, but that lot 560 is on said corner and owned by the Blumes; that the mort-gage sued on was made to the plaintiff, and the debt secured thereby and all interest is still due and unpaid; that plaintiff Meier, at the time and prior to taking said mortgage, had notice and knowledge of the mistake made in said deed of trust and full notice and knowledge of the existence of said lien in favor of the said J. G. Hackman on said lot 560; that each of said deeds are valid liens against lot 560, the said trust deed to Hackman being the prior lien to said mortgage to Meier, and orders the property sold, and with the proceeds Hackman's debt to be first satisfied and next Meier's.

I.

The finding of the circuit court that Meier, at the time he received the mortgage on lot 560, had notice that prior thereto Blume had executed a deed of trust on the same property to Peter Meyers as trustee for the benefit of Jno. G. Hackman, to secure a debt on Hackman for $600, is fully warranted by the facts preserved in the record. No-tice to the agent of plaintiff was notice to him, and he was

as much bound thereby as if such notice had been given to him personally. *Hayward v. Ins. Co.*, 52 Mo. 181. He who takes with notice of an equity, takes subject to that equity. *Gibson v. Lair*, 37 Mo. 188, and cases cited. And the fact that plaintiff's agent, his father, could neither read nor write, does not affect the doctrine of agency or the doctrine of notice, in the smallest particular. "Notice in this connection does not mean positive information brought directly home to the party sought to be charged therewith and affected thereby; but any fact that would put an ordinarily prudent man upon inquiry is notice." *Major v. Bukley*, 51 Mo. 227; *Beattie v. Butler*, 21 Mo. 313; *Vaughn v. Tracy*, 22 Mo. 418; *Speck v. Riggin*, 40 Mo. 405; *Muldrow v. Robison*, 58 Mo. 331; *Fellows v. Wise*, 55 Mo. 413; *Marsh v. Turner*, 4 Mo. 253; *Leavitt v. LaForce*, 71 Mo. 353. Had the agent in this instance obeyed the dictates of ordinary prudence; had he followed the clue furnished him by the statements of Blume; had he put to the latter the most obvious of inquiries, the fact would at once have become apparent which before was only dimly and vaguely disclosed, that a prior incumbrance existed on the property sought to be incumbered for the second time. If this case disclosed but this single feature we should affirm the judgment of the circuit court; but another point remains for discussion, which will be briefly discussed in the next paragraph.

## II.

If a married woman joins with her husband in the execution and acknowledgment of a deed conveying a certain tract of land in which she has the fee, or in which her husband has the fee and she has a right of dower, and by mistake the land is misdescribed, a court of equity possesses no coercive power, so far as concerns her, to compel specific performance, to reform the deed, or to do any other act or thing which will divest the title of the proper tract of land out of such married woman. *Shroyer v. Nickell*, 55 Mo. 264, and cases cited; 7 Cent. Law Jour., 182, and cases

cited; *Atkison v. Henry, ante,* p. 151. For this reason the decree of the court below went too far when in effect it reformed the deed of trust in favor of Hackman and against Mrs. Blume, and directed that such deed should have priority as to her interest over the mortgage executed by herself and husband to Meier which correctly described the land in controversy. So far as the defendant Blume is concerned the decree is correct, but so far as concerns his wife it is erroneous. The result is, that the plaintiff Meier acquired by his mortgage the exclusive right to foreclose the dower interest of Mrs. Blume in the land, and this regardless of all questions of priority and all questions of notice. Therefore judgment reversed and cause remanded. All concur.