JOHN MELCHER, Administrator, Appellant, v. BENJAMIN DERKUM, Administrator, *et al.*, Respondents.

Kansas City Court of Appeals, April 27, 1891.

1. **Administration:** EVIDENCE: ADMISSIONS AND NEGLIGENCE OF ADMINISTRATOR: HEIRS AND CREDITORS. The interests of heirs and creditors of an estate cannot be adversely affected by the admissions of an administrator while in charge thereof, and such admissions do not tend to show a gift of assets by a former administrator; and the title to assets cannot be overthrown or made to vest in its administrator in his individual quality by proof of his negligence in not inventorying them.

2. **Notice:** VENDOR'S LIEN: SUBSEQUENT DEED OF TRUST. The evidence in this case scrutinized and found insufficient to bring home notice of a vendor's lien to the taker of a subsequent deed of trust.

3. **Husband and Wife:** MORTGAGE OF WIFE'S REALTY TO SECURE JOINT DEBT. A deed of trust conveying the wife's real estate to a trustee to secure the joint note of the husband and wife is valid; and besides, since plaintiff by his petition is endeavoring to collect a debt contracted by the same parties, he is estopped to question the validity of such note and deed.

4. **Marshaling Assets:** VENDOR'S LIEN: DEED OF TRUST. Appellant's contention for an equal distribution of the proceeds of sale between plaintiff and defendant is *held* without ground of principle upon which to rest on the facts in this case.

*Appeal from the Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*D. H. McIntyre*, for appellant.

(1) John A. Derkum, through his agent, Maria S. Derkum, then acting for him, in respect to the deed of trust, had such notice as would put a reasonable man on inquiry as to the fact that the land in question had been sold to Pauline Derkum, and had not been paid for, and the court erred in holding otherwise. Tiedeman on Real Prop., sec. 292; *Marsh v. Turner & Lisle*, 4 Mo. 253. Besides, John A. Derkum was merely the *cestui que trust* in the deed of trust given by Pauline Derkum, and it is doubtful if he could take advantage of want of notice. *Martin v. Jones*, 72 Mo. 23; *Martin v. Jones*, 59 Mo. 181. (2) The court erred in overlooking the fact that the deed from Nicholas Melcher to Pauline Derkum was a common warranty deed, without negative words or other words indicating an intention to exclude the marital rights of her husband, and that, with respect to such property, she could not make a valid contract, nor any contract at law, and that the note mentioned in the deed of trust

was void. *Paul v. Leavitt*, 53 Mo. 595; *Lakenan & Barnes v. McIlhaney*, 17 Mo. App. 413; *Wilcox v. Todd*, 64 Mo. 388; *Hall v. Callahan*, 66 Mo. 316; *Long v. Cockrell*, 55 Mo. 93; *Klenke v. Koeltz*, 75 Mo. 243; *Davis v. Smith*, 75 Mo. 219; *Brown v. Orr*, 29 Cal. 120; *State v. Kevill & Maples*, 17 Mo. App. 147; *Alexander v. Lydick*, 80 Mo. 342; *Gage v. Gates*, 62 Mo. 412; *Weil v. Simmons*, 66 Mo. 618. (3) The delivery of the note by Maria S. Derkum, whilst acting as executrix, to Benjamin Derkum, as part of his interest in his father's estate, or as a gift, was a payment of the note, and extinguishment of the debt. R. S. 1889, sec. 209. The exigency had arisen under the statutes authorizing her act, and the will virtually so provided. *Stagg v. Linnenfelser*, 59 Mo. 336. (4) If the plaintiff was in error in all of the foregoing provisions, yet, under the pleadings, admissions and undisputed facts in the case, it was the duty of the court to order and decree that, in case of sale of the property in question, the proceeds should be divided between the two administrators by an equal per cent. of the same, according to their respective claims. The prayer for general relief was broad enough to authorize such judgment and decree, and the court erred in failing so to adjudge and decree. *Holland v. Anderson*, 38 Mo. 55; *Saving Inst. v. Collonious*, 63 Mo. 290; *Nelson v. Betts*, 21 Mo. App. 219.

*Edwards & Davison*, for respondent.

(1) There is not one particle of evidence in this record showing that Maria S. was the agent of John A. Derkum. She was present when this deed of trust was taken, and there was not one word said, by any of the parties, though they were all, except John A. Derkum, present, about the lien of Melcher for the purchase money, and this court will not presume, because the wife of John A. Derkum was present, that he had knowledge that Melcher had not been paid. Melcher

was present, and if he claimed a lien should have spoken then and there, and not having done so he nor those claiming under him cannot be heard now to complain. The authorities referred to by plaintiff do not sustain his contention. (2) We have not examined all the authorities referred to by appellant to sustain the fourth point in his brief, but the late cases referred to do not sustain him. They refer to a general judgment against a married woman, a point not in this record. A married woman may execute a note and secure it by deed of trust on her property, since the enactment of the statute of 1875. R. S. 1889, secs. 6868 and 6869, and decisions thereunder. This much is conceded by plaintiff in his petition. Again it is not shown in the evidence that Pauline Derkum is, or was, a married woman at the time this note was executed, or at any time. Again it does not lie in the mouth of plaintiff to ask this court to declare the note null and void, when he is trying to enforce a vendor's lien against this property on an alleged debt created by the same parties. If it be true that Benjamin Derkum and Pauline Derkum are, or were, husband and wife at the time of the execution of the note for which the vendor's lien was attempted to be established, then if plaintiff's contention is correct his lien must fail, and his petition in this case states no cause of action. Again, the petition of plaintiff treats the note and deed of trust as a valid note, but says it has been paid off to Derkum, and asks that it be canceled. He must stand or fall by the case made in his pleadings. He cannot sue on one cause of action, and recover on another. *Nance v. Metcalf*, 19 Mo. App. 183–190. If the plaintiff had alleged in his petition that the note and deed of trust were void, and proven these facts on the trial, still he could not maintain this suit, as a void deed would cast no cloud on the title. *Holland v. Johnson*, 80 Mo. 34. If the note and deed of trust are void, because executed by a married woman as claimed by plaintiff, then the note for

the purchase money is void, and the judgment enforcing a lien void, and plaintiff has no standing in court. *Leslie v. Railroad*, 88 Mo. 50, and authorities there cited; *Bird v. Railroad*, 30 Mo. App. 365; *Rush v. Brown*, 14 S. W. Rep. 735. There is no evidence in this record which shows that in November, 1879, at the time of the execution of this deed of trust and note, that Pauline Derkum was a married woman.

SMITH, P. J. —This was a suit in equity, the object of which was to obtain a decree to perpetually enjoin the defendant Doehla from making sale of certain real estate, under a deed of trust executed by Benjamin Derkum and Pauline Derkum, to said Doehla, as trustee to secure a note given by John A. Derkum for $650. It was alleged in the petition that one Nicholas Melcher, plaintiff's intestate, in his lifetime, for the consideration of $2,000, by deed of general warranty, conveyed the real estate described in the deed of trust to Pauline Derkum, his daughter, who was then the wife of Benjamin Derkum; that said Benjamin Derkum and his wife executed to said Melcher their notes for part of the purchase price of said real estate, wherein was retained a vendor's lien; that afterwards the said Melcher and said Pauline Derkum had departed this life, and that, the said notes being unpaid, a judgment in favor of plaintiff, as administrator of Melcher, had been rendered in the Cole circuit court, against the said Benjamin Derkum individually and as the guardian *ad litem* of Amelia Derkum, the sole surviving heir of the said Pauline Derkum, deceased, declaring that said real estate was subject to a lien for the unpaid balance on said notes, etc. It was further alleged that the said John A. Derkum had departed this life, first making a will, wherein it was provided that to each of his heirs therein named should be given $5, and that the residue and remainder of his property, both real and personal, should go to his widow, Maria S. Derkum, for

and during her natural life, to be divided equally, share and share alike, among the children born of said Maria S. Derkum, by the testator, her husband; that said Maria S. Derkum was duly appointed executrix of the estate of the said deceased, and, while in possession of the testator's estate, she gave and delivered said note for $650 to the said Benjamin Derkum, as heir and legatee of the testator, and that, by said gift of said note, the same was fully paid off and discharged; that afterwards the said Maria S. Derkum departed this life, and that the said Benjamin Derkum was duly appointed administrator *de bonis non cum testamento annexo* of said estate. It was further alleged that the said John A. Derkum well knew at the time said deed of trust was executed, that the purchase price of said real estate had not been paid to said Melcher, plaintiff's intestate, and that by law he was entitled to a vendor's lien thereon for the same. There were other unimportant allegations contained in the petition, with prayer for special and general relief. The answers put in issue the substantive allegations of the petition, except that defendant Doehla, the trustee, admitted that as trustee he had advertised the property for sale under the deed of trust. At the trial it was admitted that plaintiff was administrator of Nicholas Melcher, deceased, and that defendant was administrator *de bonis non cum testamento annexo* of the estate of John A. Derkum, deceased.

The plaintiff, to sustain the issue in his behalf, offered and read in evidence the judgment described in his petition. It was shown by the probate judge of Cole county, that the said note for $650 did not appear in the inventory made by defendant of the said estate; that, after defendant had filed his inventory, witness had seen the note in the hands of defendant, and, supposing that it belonged to the estate of John A. Derkum, he had asked defendant where he had got it, and his answer was that his mother had given it to him; that the note

had never been inventoried, and that defendant was still acting as administrator of the estate; that there were taxes and debts not yet paid. It was shown by the trustee Doehla, that he had advertised the property under the deed of trust, at the request of defendant; that, when the deed of trust was signed by him, Melcher, Benjamin and Pauline Derkum and Maria S. Derkum were present, the latter representing John A. Derkum, who was sick and not present, and that the parties talked about the transaction, but no special mention was made of Melcher's note or lien. It was shown by the plaintiff that he had a conversation with the defendant about the time the trustee had advertised the property, in which defendant said his mother had given him the deed of trust. It was shown that defendant was insolvent. The will of John A. Derkum and the Melcher deed were read in evidence.

This was substantially all the evidence offered in the case. The court found the issues for defendant and dismissed the petition. While there are several matters incidentally discussed in the briefs of counsel, it will be seen by reference to the pleadings and evidence that there are only two issues presented for our determination: *First.* Whether the note for $650 executed by Benjamin Derkum and Pauline Derkum, his wife, to John A. Derkum, was given to said Benjamin Derkum as "the heir and legatee" of said John A. Derkum by Maria S. Derkum while she was an executrix of the will of the said John A. Derkum, and in charge of his estate. *Second.* Whether the said John A. Derkum, at the time of the execution of said deed of trust to Doehla as trustee to secure the said note of said Benjamin Derkum and Pauline Derkum, knew that the purchase price of the said real estate had not been paid by the said purchasers, Benjamin Derkum and Pauline Derkum, to Nicholas Melcher, and that the latter retained a vendor's lien thereon for the amount thereof.

As to the first of these questions it is proper to remark that, outside of the admissions of the defendant after he became the administrator of the estate of John A. Derkum, there is not one syllable of testimony tending in the remotest degree to show that his mother, while acting as executrix of the will of said testator, made a gift of said note to him for any purpose or on any account whatever. It does not appear by any settlement, memorandum, or even by any indorsement on said note, that it was ever transferred or delivered by her to defendant. Nor does it appear that the note was ever in the possession of the defendant during the lifetime of his mother. Nor is there any evidence of any admission of the mother that she had given said note to the defendant. She took charge of the assets of the testator under his will, among which the note in controversy presumably was, and, for aught that appears in the evidence it remained in her possession until her death. Although the evidence shows that it was not embraced in the inventory made by defendant of the estate of the testator the conclusion is quite irresistible that he found it among the unadministered assets of the estate when he took charge of it. It may be true that he has not inventoried or charged himself with this note as he should have done, still this fraud and neglect of duty does not prove that the executrix had made a gift of it to him. As has already been remarked the only evidence of the gift of the note to defendant is the admissions he has made since he has been inducted into the office of administrator of his father's estate. He is disqualified as a witness under the statute to prove the gift of the note to him by his mother, who is dead. R. S., sec. 8918. His admissions after he became administrator cannot be proved, affecting as they do the interest of the estate, and others besides himself. *Allen v. Allen, Adm'r*, 26 Mo. 328; *Leeper v. McGuire*, 57 Mo. 360.

The interests of heirs and creditors of an estate cannot be adversely affected by the admissions of an administrator while in charge thereof.  The proof of such admissions do not tend to establish the gift of the note to defendant by his mother.  The *prima facie* title of an estate to an asset cannot be overthrown or made to vest in its administrator in his individual quality by proof of his negligence and admissions while in charge of the estate.  The assets of an estate are not to be squandered and frittered away in any such fashion. We cannot see that with or without the proof of the admissions of defendant there is any evidence to support the contention that said John A. Derkum's note passed to defendant by gift from his mother, and that, therefore, it and the deed of trust given to secure it are satisfied and discharged.

Under the evidence we think this note is an asset of the estate of John A. Derkum, and that it has not been paid off or discharged.  In this view of the case the question of the power of the executrix under the will does not arise.

As to the second issue we may observe that we have closely scrutinized the abstract and have utterly failed to there find evidence sufficient to satisfy us that it should be sustained.  Even, if it be conceded that Maria S. Derkum was the agent of her husband in making the loan of the $650, it does not appear that in the talk she had in the presence of Doehla with Melcher, Benjamin Derkum and Pauline Derkum that any mention was made of the Melcher notes.  It nowhere appears that she was in any way apprised of the transaction between Melcher and Benjamin and Pauline Derkum in respect to the sale and purchase of said real estate.  We hardly think that the fact was made known to old Mrs. Derkum that Melcher had notes amounting to $2,000, which were then a lien on the property.  Had this knowledge been imparted to her, the probability is that she would

have declined to make the loan.    There is no direct evidence tending to show that the beneficiary had notice of Melcher's notes, or, if so, for what purpose they were given.  The meager facts and circumstances which appear in the evidence do not justify the conclusion that there was notice of the Melcher lien.  *Marsh v. Turner*, 4 Mo. 253 ; Teideman on Real Prop., sec. 292.

Under the allegations of the petition, the plaintiff cannot question the validity of the note or the deed of trust securing it.    This is a sufficient answer to so much of plaintiff's brief as calls attention to that matter. We may, however, in passing along, remark further that the said deed of trust conveying the real estate of the wife to Doehla, as trustee to secure their joint note of the husband and wife to John A. Derkum, was valid. R. S., secs. 2396, 6868 ; *Wilcox v. Todd*, 64 Mo. 388; *Hord v. Taubman*, 79 Mo. 101 ; *Wannell v. Kem*, 51 Mo. 150 ; *Clark v. Rynex*, 53 Mo. 380 ; *Bartlett v. O'Donoghue*, 72 Mo. 563.

The appellant contends that on the undisputed facts, in case of sale, the court should have ordered the proceeds of the property to be divided between plaintiff and defendant by an equal per cent. of the same, according to the respective claims.  We can discover no ground of principle upon which this could have been done.    Even if the petition authorized such a decree, we do not think the proofs do.    The decree of the circuit court is affirmed.    All concur.