JACOB R. NAUMAN, Appellant, v. BIG TARKIO DRAINAGE DISTRICT NO. 2, Respondent.

Kansas City Court of Appeals, June 5, 1905.

1. DRAINAGE DISTRICT: Corporations: Statutory Construction: Eminent Domain. Corporations formed under the drainage law are governmental agencies created for general public utility, and the right of eminent domain is bestowed upon them because of public and not private benefits resulting therefrom; and the statute relating thereto should be liberally construed.

2. ———: Condemnation Proceedings: Abandonment of: Damage: Attorney's Fees. Where a drainage district abandons a condemnation proceeding by dismissal thereof it becomes bound for the payment of taxable costs and cannot be held for special damages such as attorney's fees unless the proceeding had been needlessly and vexatiously delayed and the landowner thereby damaged. Cases relating to private corporations distinguished.

3. ———: ———: Landowner's Rights: Attorney's Fees. The statute relating to drainage district corporations discloses no legislative purpose to impose liability for damages sustained by landowners in consequence of condemnation proceedings for which no liability exists under the general law; and no liability beyond the payment of costs can be enforced unless the corporation acts tortiously in its proceeding.

Appeal from Holt Circuit Court.—*Hon. Wm. C. Ellison,*
Judge.

AFFIRMED.

*T. C. Dungan* for plaintiff.

(1)   The trial court clearly erred in sustaining the
demurrer to plaintiff's petition.   For nearly fifty years
it has been the settled law in this State, and acquiesced
in by all the courts repeatedly, that, when a corporation,
after having put the land owner to expense, abandons
and discontinues its condemnation proceedings, such
land owner may recover all costs, expenses and damages
occasioned by the proceeding it had instituted.   Rail-
road v. Lackland, 25 Mo. 515; Railroad v. Reynal, 25
Mo. 534; St. Joseph v. Hamilton, 43 Mo. 281; Leisse v.
Railroad, 2 Mo. App. 105; Affirmed, 72 Mo. 561; Gibbons
v. Railroad, 40 Mo. App. 146; Lohse v. Railroad, 44 Mo.
App. 645; St. Louis v. Meintz, 107 Mo. 611; Railroad v.
Railroad, 138 Mo. 591; Simpson v. Kansas City, 111
Mo. 248; State ex rel. v. Fort, 180 Mo. 114; Owen v.
Springfield, 38 Mo. App. 358; Matter of Waverly Wa-
terworks, 85 N. Y. 478; Seminary v. Bethlehem, 153 Pa.
St. 583; Water Comr's v. Jersey City, 31 N. J. L. 72;
Railroad v. Railroad, 138 Mo. 596-7.   (2)   The defend-
ant corporation here had, and acquired no new or addi-
tional right to dismiss or discontinue its condemnation
proceeding under the drainage law, or section 8261
thereof; and its right to dismiss or discontinue its pro-
ceedings is subject to the general rule of decision in this
State requiring it to reimburse the land owner in such
cases.   Railroad v. Railroad, 138 Mo. 597; St. Louis v.
Meintz, 107 Mo. 611; Brewing Ass'n v. St. Louis, 168
Mo. 37.   (3)   The three cases upon which the defendant
predicated his demurrer, and upon which the trial court
sustained the same, have no application to the princi-
ple involved in the case at bar.

*G. W. Murphy* and *John Kennish* for respondent.

(1) Attorneys' fees cannot be allowed as costs in a cause save where there is an express statute to that effect. Under our practice there is no warrant for taxing counsel fees in a bill of costs except in partition. Water v. Waters, 49 Mo. l. c. 388; St. Louis v. Meintz, 107 Mo. 611. (2) In the case of Kansas City v. Simpson, 111 Mo. 237, the court held that the corporation had a right to discontinue its proceeding to condemn. The fact of discontinuance was no evidence to prove wrongful commencement of proceedings.

JOHNSON, J.—Defendant a corporation organized under the provisions of chapter 122, article 3, Revised Statutes 1899, following preliminary proceedings decided to construct a drainage ditch across land belonging to plaintiff. The parties failed to agree upon the value of the right of way to be appropriated and defendant brought suit to condemn on August 31, 1903. In due time commissioners were appointed who assessed the damage in the manner provided by law and made report, to which exceptions were filed by plaintiff but none by defendant. Afterwards, in January, 1904, without further proceedings in court, defendant discontinued the action by having an order of dismissal entered. This was followed by the present suit, an action brought by plaintiff to recover his counsel fees and other expenses incurred on account of the condemnation suit. Defendant demurred to the petition upon the ground of no cause of action stated. The demurrer was sustained and plaintiff declining to plead further, appealed.

The petition in addition to those detailed alleged the following facts: That after the filing of the commissioners' report, plaintiff was compelled to and did employ counsel to represent him in the circuit court for

the purpose of "contesting the legality of the corporate existence of the defendant and the said proceedings and to the regularity and validity thereof, and to the sufficiency of the award made by said commissioners and to the amount thereof;" that plaintiff appeared in court by his counsel, filed objections and prepared for trial, in the doing of which he expended one hundred dollars in counsel fees and incurred other expenses amounting to twenty-five dollars; that, "defendant at no time made or filed any objections to the assessment of damages made and returned by said commissioners, nor did it at any time pay the amount of damages so assessed in behalf of plaintiff on his said lands to him, or into court for him, but on the contrary a long time after the said proceeding was instituted and after the said damages were assessed, to-wit, on the — day of January, 1904, the said defendant dismissed its said suit and proceedings in said circuit court and wholly abandoned the same, as well as the route of the said ditch and improvements after so putting the said plaintiff to said great trouble and expense."

Corporations formed under the drainage law are not such as are denominated private corporations engaged in public service for private gain, but are governmental agencies created to perform a work of general public utility. The legislative opinion that prompted the enactment of this law embodied the idea that the reclamation of swamp and overflowed lands is highly beneficial. Disease breeding areas are destroyed resulting in the improvement of sanitary conditions, and waste places made tillable increasing production and public revenue. Individual benefits follow, it is true, but they are incidental and not of dominating importance in giving character to the work. The right of eminent domain—an exercise of sovereign power—is bestowed upon such corporations because of public, not private, benefits resulting from its use. The laws au-

thorizing the creation of such corporations and empowering them to accomplish an end so beneficent should be as liberally construed as are those relating to municipal corporations. [Land & Stock Co. v. Miller, 170 Mo. 240.]

Relative to condemnation proceedings begun in court and afterwards abandoned by the latter class of corporations, the principles of law controlling the recovery of costs and damages by the interested landowner are well settled in this State and may be stated as follows:

The corporation may abandon the proceedings at any time before the confirmation of the commissioners' report. This right, though recognized by the statute, exists independent of any statutory provision, and may be exercised without the imposition of terms. [Simpson v. Kansas City, 111 Mo. 237; Brewing Assn. v. City, 168 Mo. 37.] Upon dismissal of the action the corporation becomes bound for the payment of all costs. These include all items properly chargeable in the fee bill and do not include counsel fees nor other expenses incurred by the landowner. In the absence of statutory provision, such items are not treated as costs. [Waters v. Waters, 49 Mo. 386; City v. Meintz, 107 Mo. 611; Simpson v. Kansas City, supra; Brewing Assn. v. City, supra; Railroad v. Railroad, 138 Mo. 591.] Such expenses are special damages to be suffered by the landowner as an incident to the ownership of property. Every owner of real estate holds it burdened with the right of government to appropriate it to public uses in the manner authorized by law, and when proceedings to enforce such right are conducted with reasonable expedition, and in the way prescribed, they are lawful—not wrongful. Special damages resulting to the landowner in such cases furnish no cause of action against the corporation. Tortious conduct alone will support a recovery for them. [Simpson v. Kansas City, supra; Brewing Assn. v. City,

supra; Lester Real Estate Co. v. City, 170 Mo. 31.] The
application of this rule is not affected by the dismissal
of the proceedings at the instance of the corporation.
Abandonment does not imply a wrongful attempt to
abuse the right of eminent domain. The officers of the
corporation are expected to act with judgment and dis-
cretion, and if for any reason they discover during the
course of the proceedings the impracticability of the un-
dertaking it is their duty to quit. In the absence of a
showing to the contrary, their good faith will be pre-
sumed. [Simpson v. Kansas City, supra.]

The law however provides for and contemplates a
speedy determination of condemnation suits. One of the
purposes in view is to avoid through needless delay the
infliction of unnecessary damage upon the landowner.
It is recognized that frequently the uncertainty and sus-
pense into which he is placed during the proceedings
may be used as a coercive weapon to extort his unwill-
ing acceptance of compensation deemed inadequate; and
when it appears the proceedings have been needlessly
and ·vexatiously delayed by the corporation and then
abandoned such conduct is considered wrongful and will
support a recovery for the damages resulting therefrom.
[Simpson v. Kansas City, supra; Melcher v. Derkum,
44 Mo. App. 650.]

What we have said applies to municipalities and
not to railroad and other private corporations engaged
in public service. Different rules govern the latter class
based upon special charter provisions which have been
held repeatedly to authorize a recovery by the landown-
er of counsel fees and expenses incurred on account of
proceedings abandoned by the company. [Brewing
Assn. v. City, supra; Railroad v. Railroad, supra; Mel-
cher v. Derkum, supra; Gibbons v. Railroad, 40 Mo.
App. 146; Railroad v. Lackland, 25 Mo. 515; Leisse v.
Railroad, 2 Mo. App. 105.]

Nothing appears in the statutory enactments relat-

·ing to drainage district corporations disclosing a legislative purpose to impose liability upon them for damages sustained by landowners in consequence of condemnation proceedings for which no liability exists under the general law. Section 8261, R. S. 1899, provides that "the district shall not be authorized to enter upon or appropriate any right of way until the damages awarded are paid to the clerk of said court for the use of the parties interested, and if the damages are not so paid in within two years from the filing of such commissioners' report all proceedings as to the right of way not so paid for shall abate at the cost of said district." It will be observed that the possession and right to use the land affected by the proceedings remains in the landowner, with the status of the parties unchanged until the payment of the amount of the award by the corporation. From the filing of the commissioners' report two years is given the corporation in which to obtain an adjudication and to pay the damages awarded, during which time it is at liberty at any stage of the proceedings to ·discontinue the suit with no greater penalty attached to such action than the payment of costs.

In the construction of this statute we consider the principles enunciated by the Supreme Court in Simpson v. Kansas City, supra, as pertinent. The statute failing to impose any liability in the event of abandonment, beyond the payment of costs, none can be enforced without it appears that the corporation has needlessly, wrongfully and vexatiously delayed the proceedings, and thereby damaged the landowner. No such allegation is found in the petition, and from the facts averred it is apparent that defendant acted within lawful right. The fact that it filed no objection to the report of the commissioners does not even suggest a wrongful motive in continuing the action until the following term of court. Its officers in the exercise of a sound discretion had the right after the report was filed to consume a

reasonable period of time in arriving at a conclusion upon the course to be pursued.

The judgment is affirmed. All concur.