| 47 | 351 |
| 38a | 607 |

LUCY A. FISK *et al.*, Defendants in Error, v. HARDIN R. WRIGHT, Plaintiff in Error.

1. *Husband and wife — Separate property — Issues and products of real estate of wife.*—Where a married woman bought a farm and a quantity of personal property, partly on cash and partly on credit, and subsequently paid the notes given for the remainder due on the personalty out of the products of the farm: *held,* that such manner of payment of the personalty did not make it products of the real estate of the wife, so as to exempt it under the statute (Wagn. Stat. 935, § 14) from liability for the husband's debts.

*Appeal from Livingston Court of Common Pleas.*

*Broaddus & Pollard*, for plaintiff in error, cited Sherman v. Elder, 24 N. Y. 384.

*J. McFerran*, for defendants in error.

The property in controversy is not the separate property of Lucy A. Fisk, and she has no interest therein. At most it was her legal property only, and, having been reduced to possession of her husband, was liable for his debts on execution.

Bliss, Judge, delivered the opinion of the court.

The plaintiff, Lucy A. Fisk, purchased a farm and the cattle and other personal property upon it, for which she paid in cash $1,500 upon the farm and $400 upon the personal property, and gave her notes for the balance. She, with her husband and sons, went upon the farm. It was worked by the family, and the husband paid the notes given for the personalty from its products. Subsequently defendant, as constable, by virtue of several executions issued upon judgments against the husband for his sole debts, levied upon sundry cattle, part of the property thus purchased, and the present action was brought for its recovery. The plaintiffs claim that it was exempt from execution by virtue of section 14 of the act concerning married women (Wagn. Stat. 935), which provides that "the rents, issues and products of the real estate of any married woman  *  *  *  shall during coverture be exempt from attachment or levy of execution for the sole debts of her husband."

But, unfortunately for this claim, the property in dispute was not the product of the real estate. It was simply personal property purchased by the wife, partly with her money and partly upon credit. It is claimed to be such product only from the fact that the debt contracted in its purchase was paid by the husband by the sale of crops raised by him upon the farm. However far we might go in tracing out the products of the wife's real estate and protecting them in her hands from her husband's creditors, we can not say that property purchased by her before the farm

had produced anything can be made farm products. The wife owed certain debts that were paid by certain productions, which, before being sold, could not have been levied on by the husband's creditors. Suppose we were to assume that the exemption goes to the proceeds of these productions — *i. e.*, to cattle or other property purchased by the grain, etc., raised upon the farm — in that case would it follow that the payment of a debt would affect the property for which it was contracted, and make that also a farm product? I think not, especially where the debt was only a part of the consideration for the property. It would certainly be a novel kind of subrogation.

The statute is a beneficent one, and we are disposed to give it a fair construction to carry out its object. If the wife owns real estate, she and her family should not be deprived of its use in consequence of the misfortunes or misconduct of the husband. But the construction should be a reasonable one, and in these modifications of the common law, courts can not go beyond the obvious meaning of the statute. Our Legislature may hereafter go so far as to separate entirely the property interest of husband and wife, but they have not yet deprived the husband of his common-law interest in her personalty. In the present case the stock and other personal property purchased by Mrs. Fisk became her husband's, and, so far as this statute is concerned, became liable for his debts.

The other judges concurring, the judgments will be affirmed.