T. J. FURLONG, Respondent, v. EDWARD THOMSSEN, Appellant.

St. Louis Court of Appeals, November 10, 1885.

1. EQUITY—CREDITOR'S BILL—MUNICIPAL CORPORATIONS.—A debt due by a municipal corporation to its creditor may, by a creditor's bill, be subjected to the satisfaction of judgment against the latter.

2. —— EXEMPTIONS—PLEADINGS.—In such an action, if the judgment debtor desires to avail himself of the statutory exemptions, he must plead them.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

B. SCHNURMACHER, for the appellant: The defendant's claim for exemptions may be made at the trial, or at any time before the sale. *The State v. Emerson*, 74 Mo. 607; *The State v. Farrell*, 6 Mo. App. 581; *Hirshizer v. Tinsley*, 13 Mo. App. 489; *Wallace v. Lawyer*, 54 Ind. 509.

JAMES TAUSSIG and CHARLES S. TAUSSIG, for the respondent: Where a person or corporation not subject to garnishment is indebted to an insolvent person, a bill in equity will lie to aid a creditor of such insolvent in appropriating the credit to the satisfaction of his demand. *Pendleton v. Perkins*, 49 Mo. 565; *Luthy v. Woods*, 1 Mo. App. 167; *Beal v. McVicker*, 3 Mo. App. 562. Thomssen is not entitled to have three hundred dollars set aside to him under the exemption laws. No such claim was set up by his answer. By attempting to assign the fund, claimed as exempt, to other creditors, he waived his exemption rights to that fund, even though the assignments were ineffectual. *Boyer's App.*, 21 Pa. St. 210; *Shelly's App.*, 36 Pa. St. 373; *Lauck's App.*, 44 Pa. St. 395. In Missouri, a debtor may waive his exemption. *Osborne v. Schutt*, 67 Mo. 712.

THOMPSON, J., delivered the opinion of the court.

The plaintiff, being a judgment creditor of the defendant, Thomssen, and being unable to obtain satisfaction by ordinary process of execution, brought this suit in the nature of creditor's bill against Thomssen and the city of St. Louis, alleging that the city was indebted to Thomssen in a large sum, by reason of a certain contract between Thomssen and the city, whereby Thomssen had engaged to erect an engine house for the city, and praying that

satisfaction of his judgment and costs be decreed out of the moneys in the hands of the city owing to Thomssen. Thomssen and the city filed separate answers, each being a general denial. At the trial, the city admitted that it was indebted to Thomssen at the time of the bringing of this suit, and also at the time of the trial, in a sum in excess of $500, and Thomssen testified that the city was indebted to him at the trial in the sum of $590. It also appeared that, since the service of process in the suit upon the city and upon Thomssen, the city had paid to Thomssen, at various times, the aggregate amount of $3,848.

At the trial, Thomssen testified that he was the head of a family, keeping house in St. Louis, and he was permitted, against the objection of the plaintiff, to state that he claimed three hundred dollars of the money still in the city's hands and due him, as an exemption under the statute.

Thomssen also gave evidence to the effect that since the bringing of this suit he had given orders on the city treasurer to sub-contractors, as follows, which orders are still outstanding: In favor of Em. Wachter, two hundred dollars; in favor of Henry Witler, one hundred and thirty-five dollars; in favor of Drey & Kahn, one hundred and thirty-four dollars; in favor of H. Etzel, two hundred dollars; making a total sum of six hundred and sixty-nine dollars, being an amount in excess of the amount due him from the city at the time of the trial. The testimony of both parties showed that the city refused to recognize these assignments.

Upon this basis the court rendered a decree for the plaintiff, that the city pay him the sum of $429.96, together with the costs of this suit. The defendant, Thomssen, filed a motion for a new trial, one of the grounds being that the court erred in failing to adjudge and set apart his exemption in the fund in controversy. He also filed a motion to modify the decree so as to make it show upon its face that the court did not intend to deprive the defendant of his exemption rights, and to

appropriate to the satisfaction of the plaintiff's demand so much of the moneys in the hands of the city as were exempt to the defendant, etc.

These motions were overruled, and the defendant, Thomssen, has alone appealed.

The plaintiff has resorted to a well recognized pro-ceeding, the essential ground of his right to resort to equity being that the city is not liable in the statutory proceeding by garnishment. *Pendleton v. Perkins*, 49 Mo. 565; *Luthy v. Woods*, 1 Mo. App. 167; *Beal v. Mc Vicker*, 3 Mo. App. 592.

Waiving other questions, there is one ground on which we think the action of the circuit court in disal-lowing this claim of exemption must be upheld. It was the duty of Thomssen to plead it by way of answer. The plaintiff had a right to know before going to trial that such a claim would be made, in order to be prepared to meet it, and the city had a right to know that it would be made, in order to withhold from Thomssen a sufficient amount of the money for its own protection. It is not a sound conclusion that in a proceeding of this character the creditor is bound to take notice of the fact that the debtor will be entitled to an exemption and to anticipate that he will claim it, even where he does not set it up in his answer.

The mere fact that the plaintiff's executions have been returned *nulla bona* does not carry with it an impli-cation that the debtor will be entitled to an exemp-tion out of a fund which the creditor can reach only by a proceeding in equity. The very reason why the cred-itor's executions have been returned *nulla bona* may be that the debtor had only, within the view of the officer, such specific property as is by the statute exempt from execu-tion, in which case there is authority for the position that the officer is bound to take notice of the exemption; (*Perry v. Lewis*, 49 Miss. 443), and to notify the debtor of his rights. *The State to use v. Romer*, 44 Mo. 99; *The State to use v. Barada*, 57 Mo. 562. The exemption re-mains, nevertheless, a personal privilege, which the debtor

may or may not claim. *Osborne v. Schutt*, 67 Mo. 712. He may waive it by not claiming it at the proper time ; and where the proceeding is a creditor's bill in equity to subject a fund which can only be reached in this way, upon principle, the appropriate way for him to claim it is to set it up in his answer, just as he is required by the rules of legal procedure to set up in his answer any other constitutive fact which makes against the right of the plaintiff to the relief he seeks.

There is no force in the contention now made for the first time in this court that the circuit court ought to have appointed a receiver, and allowed the persons to whom Thomssen had made the assignments above stated to intervene, so as to adjust the equities subsisting between them and the plaintiff in respect of the fund. There was nothing to prevent their intervening if they had seen fit, and until they intervene and set up their rights the court is not bound to consider them. Besides, upon the testimony it does not appear that the decree which the court rendered has endangered their rights, since the defendant, Thomssen, testified that he was actively engaged in business as a builder, and paying all his debts, except this indebtednes to the plaintiff.

The judgment will be affirmed. It is so ordered. All the judges concur.