# CASES DETERMINED

# St. Louis and Kansas City

## COURTS OF APPEALS.

### OCTOBER TERM, 1885.

ANDREW J. PICKENS, Respondent, v. THOMAS DORRIS ET
AL., Appellants.

#### St. Louis Court of Appeals, December 8, 1885.

1. EQUITY—GARNISHMENT—EXECUTION—TRUSTS.—A proceeding in the nature of an equitable garnishment is the proper proceeding to reach funds in the hands of a trustee in which the beneficiary has a vested right which can not be reached on execution or by garnishment under the statute.

2. —— GIFTS—TRUSTS—WILLS.—A devisor's intention to withdraw his gift from the devisee's creditors will not be presumed from surrounding circumstances of which the creditor has no record notice, where such intention is not expressed in, or necessarily implied from the terms of the instrument creating the trust.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

HUGO, MUENCH, and BOYLE, ADAMS & McKEIGAN, for the appellants: The interest of Thomas Dorris in the net income from rents and profits, being an equitable right conferred upon him by a volunteer and not out of his own property or by trusts of his own creation, are not subject to the payment of his debts, until they be-

come his by reduction to possession so as to be his prop-
erty. *McIlvaine v. Smith*, 42 Mo. 45; *Hardenburgh v.
Blair*, 30 N. J. Eq. 645; Pom. Eq. Jur., §§ 102-106;
*Nichols v. Eaton*, 91 U. S. 716 (bk. 23, L. ed. 254), and
cases cited; *Hyde v. Woods*, 94 U. S. 523 (bk. 24, Id.
265); *Montague v. Crane*, 12 Mo. App. 582; No. 2338
and cases cited; *Thackara v. Mintzer*, 100 Pa. St. 151;
*Swaby's App.*, 18 Rep. 350; *Campbell v. Foster*, 35 N.
Y. 361. Devises of income may, by limitation, be with-
held from the liability for payment of the debts of the
beneficiary; and whether or not there be such limitation
may be gathered from the evident intention of the donor
as gathered from all the provisions of the will. *Steib v.
Whitehead*, 111 Ill. 247; *Nichols v. Eaton*, *supra*;
*Rhoads v. Rhoads*, 43 Ill. 239; *Spindle v. Shreve*, 9
Biss. 199; *Broadway Nat. Bk. v. Adams*, 133 Mass.
170; *Turner v. Timberlake*, 53 Mo. 371; *Smith v. Hutch-
inson*, 61 Mo. 83; *Allison v. Chaney*, 63 Mo. 279; *Cre-
celius v. Horst*, 78 Mo. 566, and cases cited on point first;
2 Redf. Wills (4 Ed.) 302, *n.* 93.

JAMES M. LEWIS, for the respondent; J. B. HEN-
DERSON and J. P. KERR, of counsel.

ROMBAUER, J., delivered the opinion of the court.

George P. Dorris made his will, in which, among other
things, he devised certain houses to trustees "in trust to
possess and keep the same rented as advantageously as
may be, and out of the rents to pay for all proper repairs
to said houses and for a reasonable insurance thereon and
the expenses of their care, and all taxes, charges, and
assessments, levied, imposed, or charged thereon and
within the times required by law, and the balance to my
son, Thomas Dorris, during his natural life."

The remainder of his estate he devised to the same
trustees to be held, sold, and put into condition to realize
as large a net income as possible, and to pay such net
income at the end of each and every successive period of
three months succeeding his death, to his son, Thomas,

and his daughters, Mattie and Annie, each one third thereof.

These are all the provisions of the will material to the present inquiry.

The plaintiffs, judgment creditors of Thomas Dorris, have brought their bill in equity to subject the interest of Thomas Dorris in the property aforesaid, and in the rents, issues, and profits arising therefrom, to the payment of their judgment, and obtained in the trial court a decree ordering the trustees to pay to them the sum, $152.73, being the amount of such judgment and costs.

The questions presented for our consideration are:

1. Can these funds be subjected in any manner to the payment of claims of judgment creditors of Thomas Dorris."

2. Can they be thus subjected in the manner here adopted.

The uniform rule in England, since the decision in *Brandon v. Robinson* (18 Ves. 433), has been that a donor creating a life estate, could not take away its incidents, among which are the powers of voluntary and involuntary alienation. This rule even there is subject to the exception that if the instrument creating the estate provides for its cesser or defeasance upon an attempted alienation, the restraint will be upheld; so where the estate created is a mere use at the discretion of the trustees, and the beneficiary has no power to control such discretion.

The rule thus established in England, has not met with general approval in the United States. It has been followed in Rhode Island, and the Carolinas; (*Tillinghast v. Bradford*, 5 R. I. 205; *Heath v. Bishop*, 4 Rich. Eq. 46; *Mebane v. Mebane*, 4 Ired. Eq. 131); questioned in some other states, and rejected in Pennsylvania, Vermont, New Jersey, Kentucky, Massachusetts, and by the supreme court of the United States. *Fisher v. Taylor*, 2 Rawle 33; *Thackara v. Mintzer*, 100 Pa. St. 151; *White v. White*, 30 Vt. 338; *Hardenburg v. Blair*, 30 N. J. Eq. 645, 661; *Pope's Ex. v. Elliott*, 8 B. Mon. 56;

*Broadway Nat. Bank v. Adams*, 133 Mass. 170 ; *Nichols'*
*Assignee v. Eaton*, 91 U. S. 716, 725.

The case of *Campbell v. Foster* (35 N. Y. 366), is
claimed also as being opposed to the English rule, but as
that decision turned exclusively on the jurisdiction of
the court, under certain provisions of the code, the claim
is hardly tenable.

In this state, the question has never met with any
direct adjudication, although it was incidentally dis-
cussed in *McIlvaine v. Smith* (42 Mo. 45), and *Montague*
*v. Crane* (12 Mo. App. 582).

We are thus left at liberty to follow either the Eng-
lish rule or that adopted by the majority of the American
courts, whichever in our opinion is most consonant with
reason and a sound public policy.

Justice Miller discusses the question with his usual
clearness in *Nichols v. Eaton, supra*, and shows that
the policy of the law in regard to creditors is essentially
different in England and the United States ; that while
the rights of creditors are scrupulously guarded here as
there, yet the legislation in almost all the states, has
recognized the paramount right of the debtor not to be
wholly stripped of the means of subsistence. The learned
judge cites in illustration our homestead and exemption
laws, which have been uniformly upheld by the courts
against subsequent creditors, and concludes by demon-
strating that there can be no difference in principle be-
tween laws which secure to the debtor a certain exemption
and a trust created in his favor by the gift or devise of a
grantor or a testator, provided the creditor is advised, or
may by reasonable diligence advise himself, that the
ostensible means of the debtor are not subject to his
claims.

We believe that the rule thus announced, if confined
to a reasonable provision made for the beneficiary's sup-
port, is more in harmony with our policy in regard to
debtors and creditors, and, therefore, supported by
reason as well as by the weight of authority in this
country.

But the rule, even as thus announced and limited, goes no further than to hold that where the condition, that a reasonable trust in favor of the beneficiary is not subject to the claims of creditors, is made manifest by the instrument creating it, and where creditors may be held to have notice of the condition through the instrumentality of our registry laws, that then such creditors must be held to have contracted with notice of the beneficiary's limited rights; that no injury can result to a creditor if he can not enforce his claim against means which to his knowledge have been expressly withdrawn by the donor or devisor from his interference.

In this case, however, we are asked to go further, and are asked to declare that where the surrounding circumstances of a trust, of which circumstance, no record notice is brought home to the creditor, are such as lead to the inference that it was the intention of the devisor to withdraw his gift from the claim of the devisee's creditors, we shall give effect to such intention, although not expressed in the instrument itself nor necessarily implied from anything expressed therein. This we must decline to do.

The will of George P. Dorris does not expressly exempt the property devised for the benefit of his son, Thomas, from the claims of the latter's creditors. There is nothing in the will itself which would indicate that the trust thus created was in the nature of a spendthrift trust; and to seek in the surrounding circumstances a reason for declaring it to be such, the authorities do not warrant and a sound policy forbids.

The second point made by the appellants, that the funds in the hands of the trustees, accrued and accruing, can not be subjected to the claims of a judgment creditor by the proceedings here adopted, is likewise untenable.

This proceeding is in the nature of an equitable garnishment, and is the proper proceeding in cases where the funds can not be reached by statutory process. This was intimated in *Lackland v. Garesche* (56 Mo. 271), and was held in *Pendleton v. Perkins* (49 Mo. 565).

The case of *Hardenburgh v. Blair, supra*, relied on mainly by the appellants in support of their position, has no bearing on this inquiry, as the decision in that case rests on a local statute which withheld jurisdiction from the chancery courts of New Jersey in such cases in express terms.

There is no error in the record, and the judgment will be affirmed. It is so ordered. All the judges concur.