Ault v. Eller.

R. B. AULT, Plaintiff in Error, v. N. E. ELLER *et al.*, Defendants in Error.

Kansas City Court of Appeals, January 6, 1890.

1. **Married Women:** INTEREST OF HUSBAND AND HIS CREDITORS IN WIFE'S REAL ESTATE. While at common law the husband had rights in his wife's land which might have been sold under execution, yet, under the provisions of section 3295, Revised Statutes, 1879, the husband has no interests in his wife's lands which is subject to execution or levy for his creditor's debt; the statute disabling alike the husband and his creditors.

2. ——: NON-LIABILITY OF GENERAL ESTATE OF: STATUTE, HOW CONSTRUED: FRAUDULENT CONVEYANCES. The real estate of a married woman held by the general title can in no way be affected by a promise to pay for service (in this case medical attendance), rendered to her, and her voluntary conveyance of her land cannot be attacked as fraudulent; and though the statute requires the husband to join in his wife's conveyance, he is not a tenant by the curtesy, but is only seized in right if his wife (as the statute must receive a fair and reasonable construction in reference to its beneficent purposes), and bears no such relation to the land as to justify the setting aside of the wife's voluntary conveyance, in which he joined at the suit of his creditor for service to the wife.

3. ——: ——: RENTS AND PROFITS. The claim that such conveyance of the wife carries with it the rents and profits cannot avail such creditor, as he is the creditor not of the wife but of the husband, who has no interest therein which a creditor can reach.

4. ——: FRAUDULENT CONVEYANCE: NECESSARIES FOR WIFE: ANNUAL PRODUCTS. It is only the annual products of the wife's land during coverture that are subject to levy for necessaries for the wife and family, and a conveyance of the land itself cannot be assailed as fraudulent by a creditor for such necessaries.

5. ——: CHARGE ON LAND CONVEYED BY WIFE IN FAVOR OF HUSBAND. Where the wife, joined by her husband, conveys her land by voluntary conveyance. to her daughter, and charges thereon an annuity in favor of the husband during his life, and such annuity being in the nature of a continuing trust in favor of the beneficiary, while it could not be reached in a statutory garnishment, may, in an equitable proceeding (like this), be subjected to the satisfaction of a creditor's judgment against the husband.

*Error to the Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

REVERSED AND REMANDED *(with directions)*.

*Hale & Sons*, for the plaintiff in error.

(1) The petition alleges that Andrew Eller was insolvent, both at the time of the execution of the deed, and at the commencement of the suit; and that he had no other means or assets out of which the debt could be made; that the interest of Andrew Eller was such an interest in the land as was subject to levy and sale under execution prior to the enactment of the married woman's act; see section 2497, Revised Statutes, 1879, *Schneider v. Steihr*, 20 Mo. 270, and many other authorities which could be cited, but we assume this to be familiar law. (2) This section exempts the real estate of a married woman during coverture from attachment or levy of execution for the sole debts of her husband; a sole debt of the husband is one of which he is the sole beneficiary. *Gabriel v. Mullin*, 30 Mo. App. 464 and authorities there cited; *Abernathey v. Whitehead*, 69 Mo. 27. (3) The debt in this case is not the sole debt of the husband, and under the proviso to section above cited, 3295, the rents, issues and products of this land "may be attached or levied upon for any debt or liability of her husband, created for necessaries for the wife and family." It will be admitted, we presume, that medical services rendered the wife at her and her husband's request are necessaries. *Gabriel v. Mullin, supra*. (4) The conveyance of the land by husband and wife in this case, of course, carried with it the rents and profits issuing therefrom. Section 2497, cited above, in regard to fraudulent conveyances, expressly covers the rents and profits of the land. 8 Am. & Eng. Ency. Law, p. 759; May on Fraud. Con. 17; Wait on

Fraud. Con., p. 46, section 24; see also note 4 in last reference in 8 Am. & Eng. Ency. Law, p. 759. (5) In the conveyance made, December 5, 1883, by Andrew Eller and wife, to their daughter, Mary A. Ellsworth, of one forty of this land, it will be observed an annual rental is reserved of sixty dollars a year in favor of the said Andrew Eller; and as to such interest this proceeding will be held to be an equitable garnishment, in which John B. Eller will be compelled to account for such annual rental and to pay the same in future on plaintiff's judgment. It constitutes a charge on the land, running for an indefinite period, to-wit: During the life of Andrew Eller. It is also a lien on the land, which could not be enforced by an ordinary garnishment at law, which is purely a legal proceeding. *Scales v. Hotel Co.*, 37 Mo. 520; *Weil v. Taylor*, 83 Mo. 545; and many other Missouri cases; also, as to equitable garnishment, *Pendleton v. Perkins*, 49 Mo. 565. See also 2 Washburn Real Property [4 Ed.] side p. 12, top p. 280. *Stephenson v. Haines*, 16 Ohio St. 47. A bill to subject the land in the hands of a fraudulent grantee in the first instance is a proper mode of procedure. *Lionberger v. Baker*, 88 Mo. 455–6.

*Pattison & Simmons*, for the defendants in error.

(1) The land belonged to Isabella Eller; she could dispose of it as she saw fit. A husband and wife may convey the real estate of the wife by the joint deed, etc. R. S. 1879, sec. 669. No fraud is charged against Isabella Eller; none could be charged as to this debt. The deeds could not be set aside as to her. The husband, Andrew Eller, permitted his wife to convey her real estate, by simply joining in her deed. If it could be held that these deeds could be set aside as to the husband, then the whole deed is void, and no conveyance was made by the wife, because such conveyance must be by their joint deed; must be conveyed as an

"indivisible integer," or not at all. *Hord v. Taubman*, 79 Mo. 101; *Mueller v. Kaessman*, 84 Mo. 318. (2) The common-law rights and liabilities in his wife's land have been modified by the statute, section 3295. While he is entitled during coverture to the possession of her land, and to collect the rents and profits as at common law (*Clark v. Bank*, 47 Mo. 17; *Dillenberger v. Wrisberg*, 10 Mo. App. 465), yet his possessory right in her land cannot be sold for his sole debt; neither can the rents and profits. Section 3295. The husband is bound to furnish the necessaries for his family; this is his common-law liability; furthermore the debt alleged in the petition was reduced to judgment against Andrew Eller alone; then it is his sole debt; even a promise by the wife could not have bound her. *Mueller v. Kaessman, supra; State to use Stevens v. Keevil*, 17 Mo. App. 144. If his creditors cannot reach it for his debts, its sale or conveyance is no concern of the creditors, since they have no right or claim thereon. They can only complain of sales and conveyances of property that is subject to their debts. *Burns v. Bangert*, 92 Mo. 167. (3) But the latter part of section 3295 aforesaid provides that the "annual products" of the wife's land may be attached or levied upon for any debt or liability of the husband for necessaries of the family. This can only be reached in a proceeding to which she is a party. *Houx v. Shaw*, 18 Mo. App. 45; *State to use v. Armstrong*, 25 Mo. App. 532; *Gabriel v. Mullen*, 30 Mo. App. 464. (4) Then, if as matter of fact and law, there was no fraud—could have been none—in the conveyances made, it resolves itself into this: A plain and ordinary conveyance of husband and wife, of the wife's land (to Ellsworth) reserving to the husband annually sixty dollars, and we maintain that equity will not interfere to reach a debt of this character, being as it is "absolutely due as a money demand, unaffected by liens or prior encumbrances, or conditions of contract." And

defendant ought not to be put to the cost of this proceeding, although it might be considered that said sixty dollars ought to be applied annually to this debt, when same could be reached by an ordinary process of law, and this, too, when it is apparent that to reach this sixty dollars was not the prime and original object of this suit.

SMITH, P. J.—This is a suit in equity, the object of which is to set aside a certain conveyance for fraud, and to subject the life-interest of the defendant Andrew Eller in certain real estate to the payment of a certain judgment.

The petition charged that, at various times between the fourth day of January, 1883, and the twenty-sixth day of November, 1886, at the request of the defendant Andrew Eller, the husband of Isabella Eller, and also at the request of the said Isabella, he rendered and performed services as a physician to, and for, the said Isabella, furnishing medicines during all the period aforesaid; the said Isabella being sick and in bad health, which said services were reasonably worth the sum of five hundred and eighty-eight dollars, all of which will more particularly appear by an itemized account of said services, now on file in the Carroll county circuit court, in a case lately pending therein in favor of this plaintiff, and against the said Andrew Eller, defendant, in which judgment was rendered for plaintiff, at the December term of said court, and to which reference is made, for the sum of $———.

Plaintiff further states that, at the date of the rendition of the services aforesaid, the said Isabella Eller was the owner in her own right, though not to her separate use, of the following described real estate, situated in Carroll county, Missouri, to-wit:

The southwest quarter of section five (5), township fifty-three (53), range twenty-one (21), upon which she

and her said husband then resided, and which was worth then and now about thirty dollars ($30) per acre.

That the said Andrew Eller had no property in his own right, subject to execution, and has none now except his interest in said land as tenant by the curtesy; that the said Isabella Eller died about the twenty-sixth day of November, 1886; that, prior to her death, the said Isabella Eller and her husband, Andrew Eller, by their deeds dated, April 4, 1886, separately executed and conveyed to her following married children the following portions of said real estate, to-wit: To Newton E. Eller, the south half of the north half of said quarter. To Mazy F. Vines, the east half of the south half of said quarter. To John B. Eller, the north half of the north half of said quarter. That each of said deeds is expressed on its face to be made in consideration of the sum of one thousand dollars paid; but in truth in fact no consideration whatever was paid or to be paid.

That, on the fifth day of December, 1883, the said Andrew Eller and wife, by their deed of that date, conveyed to the defendant, their daughter, Mary A. Ellsworth, for the nominal consideration of one thousand dollars, but, in fact, for no consideration whatever except love and affection, the west half of the south half of said quarter, reserving, however, to the said Andrew Eller, for life, the sum of sixty dollars, to be paid annually by said grantee, and the sum of one hundred dollars in gross, to be paid to John B. Eller, one of these defendants. That, since the death of said Isabella, the said John B. Eller has purchased of the other defendants, above named, all of their interests in said real estate, and is now in possession of the same, having obtained deeds therefor. But plaintiff alleges and charges that he purchased the same with full knowledge of the nature of said conveyances above named, and that no valuable consideration was paid for said real estate.

Plaintiff further alleges that each and all of said conveyances were fraudulent as to this plaintiff, and were in fraud of his rights as to the life-estate of the said Andrew Eller therein. That the said Andrew Eller is totally insolvent and has no property whatever subject to execution. That an execution issued against him would be unavailing. That the rent of said real estate is reasonably worth four hundred dollars per year. To which the defendants interposed a demurrer, which was sustained, and final judgment given. The case comes here by writ of error.

I. The first question which is presented for our determination is whether the several conveyances made by Mrs. Eller of her land to her children, and in which her husband joined, are void. The consideration of this question will require us to first ascertain the relation of the plaintiff and the defendant Andrew Eller to the subject-matter of the suit, and to each other.

If the defendant Andrew Eller had no interest in his wife's lands, at the time of the conveyance thereof, which was subject to the payment of the plaintiff's debt, then he, plaintiff, cannot be heard to impeach such conveyances. He would, in that event have no standing here for that purpose. *Burns v. Bangert*, 92 Mo. 167.

These reflections necessarily suggest inquiry into the rights of the husband in respect to the wife's real estate, when she is seized in fee in the ordinary way, no separate estate being created by the deed conferring title upon her.

The rights of the husband at common law were these: He was jointly seized with her of the land; had, *jus uxoris*, the exclusive right to the possession of that land, its rents and profits; could make a tenant to the *præcipe;* could lease or mortgage the land, by his own deed alone, or, by his deed without joining his wife with him, convey his marital interest in the land, which conveyance would be good during their joint lives, and his

freehold estate might have been seized and sold on execution. 2 Kent Com. 130, 131; 1 Bishop on Mar. Wom., sec. 529, *et seq.; Mueller v. Kaessman*, 84 Mo. 318. It would seem then at common law the husband had rights in the wife's lands which might have been seized and sold under execution, and therefore unless the statute has deprived the husband of these common-law rights the complaining creditor in this case is not without ground upon which to stand.

Revised Statutes, section 3295, provides that : "The rents, issues and products of the real estate of any married woman, and all moneys and obligations arising from the sale of such real estate, and the interest of her husband in her right in any real estate which belonged to her before marriage, or which she may have acquired by gift, grant, devise or inheritance during coverture, shall during coverture be exempt from attachment or levy of execution, for the sole debts of her husband; and no conveyance made during coverture by such husband of such rents, issues and products, or of any interest in such real estate, shall be valid, unless the same be by deed executed by the wife jointly with her husband, and acknowledged by her in the manner provided by law in the case of the conveyance by husband and wife of the real estate of the wife; provided, such annual products may be attached or levied upon for any debt or liability of her husband, created for necessaries for the wife and family, and for debts for labor or materials furnished upon, or for the cultivation or improvement of such real estate." Now this section by its express terms declares that "the interest of her husband in her right in any real estate which belonged to her before marriage, or which she may have acquired by gift, grant, devise or inheritance during coverture, shall during coverture be exempt from attachment or levy of execution for the sole debts of the husband." Thus it is made clear that

under the statute the defendant Andrew Eller had no interest in his wife's lands which was subject to execution or levy for plaintiff's debt. This statute disables alike the husband and his creditors. This legislative interdict has extended the rights of married women in respect to their real estate to the very verge of an estate independent of her husband.

Now unless the implied promise of Mrs. Eller to pay the plaintiff's debt strengthens his claims to have her lands subjected to its payment, this action must fail in that direction.

As Mrs. Eller had no separate estate in the land, any promise made by her to pay the plaintiff's bill for his medical services could not affect, nor have any effect on, her legal or equitable interest in the land because of her common-law marital disability. *Mueller v. Kaessman*, 84 Mo. 323; *Shroyer v. Nickell*, 55 Mo. 264; *Whitely v. Stewart*, 63 Mo. 360; *Hord v. Taubman*, 79 Mo. 101; *Meir v. Blume*, 80 Mo. 179; *Atkinson v. Henry*, 80 Mo. 151.

In view of the principles which find expression in the cases just cited it is perfectly clear that Mrs. Eller's lands can in no way be affected in consequence of any promise on her part to pay plaintiff's debt. The case is as if such promise had never been made. Then the conveyance of her lands to her children for the consideration alone of natural love and affection was not fraudulent as to the plaintiff's debt.

In making these dispositions of her lands she encountered no such embarrassment. It is quite true that by the terms of the statute, as we have seen, the conveyance of the wife's lands are void unless the husband join therein. His conveyance was not of an interest therein as has been shown in which his creditors had any concern. His right of tenancy by the curtesy initiate was but a bare, inchoate intangible, contingent interest which was then no more the subject of seizure

and sale under execution than the inchoate dower of the wife in the lands of her husband. On the facts alleged in the petition the husband was jointly seized of his wife's estate, and during the existence of the coverture he was not a tenant by the curtesy, but only seized in right of his wife. *Valle v. Obenhorse*, 82 Mo. 81; *Dyer v. Wittler*, 14 Mo. App. 52. Then there was no title by the curtesy during coverture upon which a creditor could levy his execution. The wife's land must be conveyed by the joint deed of herself and her husband and not otherwise. *Hord v. Taubman*, 79 Mo. 101; *Mueller v. Kaessman*, 84 Mo. 318.

The statutes relating to the rights of married women must be construed with reference to the beneficent purposes which the legislature had in view by their enactment. They must receive a fair and reasonable construction in their application. *Fisk v. Wright*, 47 Mo. 351. There is no ground alleged upon which the conveyance in question can be impeached as to Mrs. Eller, nor are we able to discover anything in the relations of her husband either to the land or the parties which would justify it. To say that the wife's conveyances which she has the right to make of her lands can be defeated, because of an insolvent husband, is to disregard the statutory rule of construction of the statutes, relating to the rights of married women just referred to and which we think applicable. If the joinder of an insolvent husband in the conveyance by the wife of her real estate renders such conveyance fraudulent and void, then the conveyances of her title to her lands can be overthrown for no fraud of hers.

II. It is contended that the conveyances by Mrs Eller of her lands to her children carried the rents and profits, and that they are expressly covered by the provisions of section 2497, Revised Statutes. The vice in this contention is that the plaintiff is not a creditor of the wife who owned and conveyed the land, but of the

husband who had no interest therein, which the creditor was entitled to subject to the satisfaction of his debt. The conveyance of an interest of the husband which is expressly exempt from execution for his debts could no more injuriously affect his creditors than if he were to convey a homestead right or the specific personal property which the statute exempts from levy of execution.

III. As to the plaintiff's further contention, that his debt being for necessaries for the wife and family, that under the proviso contained in section 3296, already quoted, he is entitled to question said conveyances on that account, it may be remarked that the only products of the lands owned by the wife during coverture is subject to levy for such debt. The husband's common-law interests, *jus uxoris*, in the wife's lands which were the subject of seizure and sale, have been cut off by the statute.

It is only the products of the wife's lands, and not the land itself, which in the one instance are made by the said statute liable to execution for the husband's debts.

While a conveyance by husband and wife of the wife's lands would in every case have the effect to pass the future products, it is not conceived that the conveyance on this account would be deemed fraudulent even when the husband was indebted for necessaries for the wife. A disposition of the *products* of the wife's lands might be made under such circumstances as to be fraudulent as to a creditor of the husband for necessaries furnished the wife and family, but no such case is made by the allegations of the plaintiff's petition.

The plaintiff in thus having reduced his claim to judgment, and since the defendant Andrew Eller is insolvent, the issue of execution and return of *nulla bona* would be a vain and fruitless act.

The deed from Mrs. Eller to her daughter Mary A. Ellsworth charges the land therein conveyed with the

annual payment of sixty dollars to defendant Andrew Eller during his life.   This is in the nature of a continuing trust raised in favor of said Andrew Eller, the beneficiary therein ( *Foster v. French et al.*, 37 Mo. 37), and could not be reached in an ordinary statutory proceeding of garnishment, but since it is alleged in the petition that the said Mary A. Ellsworth, who is not a party to this suit, but who has conveyed the said lands subject to said charge to the said John B. Eller, who is a defendant, we think that the said trust fund can be reached by this proceeding, which is in the nature of an equitable garnishment.   *Lackland v. Garesche*, 56 Mo. 267 ; *State v. Netherton*, 26 Mo. App. 414; *Pickins v. Dorriss*, 20 Mo. App. 1 ; *Bachman v. Lewis*, 27 Mo. App. 81 ; *Luthey v. Woods*, 1 Mo. App. 167; *Furlong v. Thompson*, 19 Mo. App. 364; *Kent v. Curtis*, 4 Mo. App. 121.

We think that if the allegations in the petition are true, as they must be taken for the purpose of passing upon the sufficiency of the petition, that the plaintiff is *prima facie* entitled to a decree subjecting the said trust fund to the satisfaction of his judgment.   It results from these considerations that the judgment of the circuit court be reversed, and the cause remanded to be proceeded with in accordance with the principles of law which we have stated.   All concur.