**NUNN et al. v. TITCHE-GOETTINGER CO.***
(No. 363-3195.)

(Commission of Appeals of Texas, Section A.
Dec. 6, 1922.)

**1. Trusts �köö28 — Element of "spendthrift trust" stated.**

The term "spendthrift trust" is applied to trusts created to provide a fund for the maintenance of another and at the same time securing it against his own improvidence or incapacity; provisions against alienation by the voluntary act of the beneficiary and against its seizure in satisfaction of his debts being the usual and distinguishing features.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Spendthrift Trust.]

**2. Trusts �köö28—Express declaration not required in instrument creating spendthrift trust.**

It is not necessary that the instrument creating a spendthrift trust should contain an express declaration that the interest of the beneficiary shall not be transferred, assigned, or subjected to the payment of his debts, provided such appears to be the clear intention of the donor or testator as gathered from all parts of the instrument construed together in the light of attending circumstances.

**3. Trusts �köö148—Rule when income of spendthrift trust may be anticipated stated.**

Where the instrument creating a spendthrift trust contains no express words or restraint and nothing in its face declaring that the purpose thereof is to provide a support for the beneficiary and to furnish him with the comforts of life, and where it requires that the revenue arising from such trusts shall be paid directly to the beneficiary, without any direction concerning its application and without any discretion being vested in the trustee as to the time or amount of such payments or the purpose they shall be applied, such revenue may be anticipated or assigned by the beneficiary, or by proper proceedings subjected to the payment of his debts.

**4. Trusts �köö152—Income from spendthrift trust held on proper proceedings subject to payment of beneficiary's debts.**

Where the testator created a spendthrift trust and merely provided that the interest of revenue only from the trust property should be paid to his daughter during her life and after her death to her children, and the daughter was not restrained from the full and free use and enjoyment of the income nor trustees vested with any discretion in the premises, the income from the trust was subject to the beneficiary's voluntary disposition by anticipation, assignment, or otherwise, and by proper process could be subjected to beneficiary's debts.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Creditor's bill by the Titche-Goettinger Company against W. G. Nunn and others.

Judgment for plaintiff was affirmed by the Court of Civil Appeals (196 S. W. 890), and defendants bring error. Affirmed.

Cunningham & McMahon, of Bonham, for plaintiffs in error.

Thompson, Knight, Baker & Harris, of Dallas, for defendant in error.

GALLAGHER, J.   The will of C. W. T. Weldon was executed on the 13th day of May, 1902, and admitted to probate July 23, 1908. This will directs payment of debts and certain specific legacies, and that the residue of the estate of the testator be divided into four equal parts. One of these parts is devised to each of three of the testator's children, and the fourth part is devised to W. G. Nunn, W. E. Weldon, and C. H. Weldon, executors of said will and plaintiffs in error herein, for the use and benefit of Lucy V. Maloney, the fourth child of the testator, with the direction "that the interest and revenue from same only be paid and delivered to my said daughter during her lifetime."

The will further provides that in event of her death before her youngest child becomes of age the revenue accruing from this property shall be paid to her children until the youngest child shall become of age, and that such property shall then be equally divided between her children. The executors are directed to manage, control, and invest said property. They took possession of the same as executors at the death of the testator, and since the partition of said estate have held said share, and at the time of trial were in the active discharge of their duties as such trustees. It was admitted on the trial that the only property that Mrs. Maloney had was the revenue from her said part of her father's estate in the hands of said trustees, and that her average annual income therefrom was $2,642.25, in addition to which she had the free use and occupancy of a home. At the time of the trial herein on May 12, 1916, Mrs. Maloney had been a widow for about three years. She was then about 57 years old, and was a free and improvident spender. Her family at that time consisted of herself, an invalid daughter, 32 years of age, and a delicate son, 20 years of age, who had never earned sufficient to maintain himself. Early in the existence of this trust Mrs. Maloney anticipated her income therefrom by securing advances from the trustees in excess of the revenues on hand, and was still overdrawn about $1,200 at the time of trial. The earnings of her husband prior to his death were insufficient to support the family.

This proceeding is a creditor's bill filed by Titche-Goettinger Company, defendant in error, in the district court of Dallas county, to subject the revenues arising from said

---

⊫ För other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes-
*Rehearing denied January 24, 1923.

property in the hands of said trustees to the satisfaction of a judgment recovered by it in said court against Mrs. Maloney for the sum of $731.37 with interest. A large part of the account on which said judgment was rendered was for purchases in connection with a trousseau for a daughter, who has not been a constituent of the family since her marriage. Execution had issued on this judgment and been returned unsatisfied.

The trial in the district court resulted in a judgment subjecting the revenues accruing from said property in the hands of said trustees to the payment of said judgment. The trustees were directed to immediately pay a small amount thereon and to pay the remainder of the judgment in four equal quarterly installments. On appeal the judgment of the trial court was affirmed. 196 S. W. 890. Writ of error was granted by the Supreme Court on the application of said trustees.

[1, 2] The plaintiffs in error contend that the trust created for the benefit of Mrs. Maloney by the will under consideration is what is commonly called a "spendthrift trust." Such term is applied to trusts created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity. Provisions against the alienation of the property or fund by the voluntary act of the beneficiary and against its seizure in satisfaction of his debts are the usual and distinguishing features of such trusts. 26 Am. & Eng. Ency. Law (2d Ed.) p. 138. It is not necessary, however, that the instrument creating a spendthrift trust should contain an express declaration that the interest of the beneficiary shall not be transferred, assigned, or subjected to the payment of his debts provided such appears to be the clear intention of the donor or testator, as gathered from all the parts of the instrument construed together in the light of attending circumstances. Id. pp. 141, 142; Patten v. Herring, 9 Tex. Civ. App. 640, 29 S. W. 388, 390–392 (writ refused).

There must, however, be something in the face of the instrument indicating such a purpose on the part of the donor or testator. There are a few cases holding in effect that such purpose may be inferred from the fact that property is placed in the hands of a trustee to be kept invested and the revenue arising therefrom paid to the beneficiary during his or her natural life, in connection with early insolvency of the beneficiary, or with the fact that the beneficiary is a married woman and that it is declared that the revenue so bequeathed shall be her separate property, free from the control of her husband. Stambaugh's Estate, 135 Pa. 585, 19 Atl. 1058; Leary v. Kerber, 255 Ill. 433, 99 N. E. 662; Castree v. Shotwell, 73 N. J. Eq. 590, 68 Atl. 774.

[3] According to the great weight of authority, however, where the instrument creating the trust contains no express words of restraint and nothing in its face declaring that the purpose thereof is to provide a support for the beneficiary and to furnish him with the comforts of life, and where it requires that the revenue arising from such trust shall be paid directly to the beneficiary without any direction concerning its application and without any discretion being vested in the trustee as to the time or amount of such payments or the purpose to which they shall be applied, such revenue may be anticipated, or assigned by the beneficiary or by proper proceedings subjected to the payment of his debts. Kingman v. Winchell (Mo. Sup.) 20 S. W. 296; Sherman v. Havens, 94 Kan. 654, 146 Pac. 1030, Ann. Cas. 1917B, 394; Martin v. Davis, 82 Ind. 38; Caldwell v. Boyd, 109 Ind. 447, 9 N. E. 912; Forbes v. Lothrop, 137 Mass. 523; Baker v. Keiser, 75 Md. 332, 23 Atl. 735; Farmers' & Mechanics' Savings Bank v. Brewer, 27 Conn. 600; Pickens v. Dorris, 20 Mo. App. 1; Maynard v. Cleaves, 149 Mass. 307, 21 N. E. 376; Wenzel v. Powder, 100 Md. 36, 59 Atl. 194, 108 Am. St. Rep. 380; Sears v. Choate, 146 Mass. 395, 15 N. E. 786, 4 Am. St. Rep. 320; O'Hare v. Johnston, 273 Ill. 458, 113 N. E. 127; Dieke v. Dieke, 182 Ill. App. 13; Huntington v. Jones, 72 Conn. 45, 43 Atl. 564; Girard Life Ins. & Trust Co. v. Chambers, 46 Pa. 485, 86 Am. Dec. 513.

[4] The trust created by the will under consideration is of this class. The testator merely provides that the interest and revenue only from the trust property shall be paid to Mrs. Maloney during her lifetime and after her death to her children until the youngest shall become of age. The children have no interest in such income until after her death. She is entitled, as long as she lives, to the whole of the net revenue arising therefrom as it accrues. She is not instructed to apply the same to any particular purpose nor is she in any way restrained in the full and free use and enjoyment thereof. The trustees are not vested with any discretion in the premises. At the time the will was executed, at the death of the testator and for years thereafter she had a husband who was primarily charged with the duty and responsibility of supporting her and her children, and who, in part at least, discharged that burden.

In the case of Patten v. Herring, 9 Tex. Civ. App. 640, 29 S. W. 388, cited and relied on by plaintiffs in error, the will of the testatrix directed her executor to take charge of, manage and control her estate and give the beneficiary the sole use and occupancy of the dwelling and appurtenances thereto, together with such personal property belonging to her estate as might be necessary for his comfort and convenience. It directed the executor to preserve the estate intact and to manage it to the best advantage and to

pay over to said beneficiary the net proceeds thereof as often as necessary for his support and comfort. Said will further directed that such provision for his support and comfort should be continued during his life. It was shown that her beneficiary was irretrievably insolvent at the time of the making of the will, owing $25,000 that he was unable to pay. The testatrix told the attorney who drew the will that the beneficiary was insolvent, was addicted to the excessive use of liquor and improvident, and that he could never clear himself of debt. The estate of the testatrix was wholly insufficient to satisfy any material part of his debts. His interest under the will terminated at his death and passed to another. Herring and another claimed the land belonging to the estate by virtue of a sale of the same under execution against the beneficiary. The court held that no title was acquired by such sale. The case did not involve an attempt to subject income from the trust property or any part of the same to the debt owed by the beneficiary.

In the case of Gamble v. Dabney, 20 Tex. 69, cited and relied on by plaintiffs in error, the instrument creating the trust recited that the purpose thereof was to make full, sure, and sufficient provision for the support and maintenance of the grantor's daughter and her two children then living, and any other children that might be thereafter born to her. The trustees were directed, out of the rents, issues, profits, and proceeds of the property, to provide for the support of the beneficiaries, but the slaves included in the trust property were expressly excluded from the power of sale given to the trustees. A creditor having levied on one of the slaves, all of the beneficiaries joined in an action to enjoin the sale. The court held that the slave was not subject to sale under execution, but suggested that the creditor might be entitled to subject any surplus proceeds of the property to his debt in an appropriate equitable proceeding.

The will which created the trust in the case of Wallace v. Campbell, 53 Tex. 229, also cited and relied on by plaintiffs in error, expressly provided that neither the corpus of the property nor the increase thereof should be subject to any debts which the beneficiary then owned or might thereafter contract. In all the other cases cited by plaintiffs in error an examination of the will or other instrument creating the trust discloses provisions therein reasonably sufficient to raise the issue whether a spendthrift trust with its attending features of inalienability and exemption was intended. When such issue is fairly raised by the terms of the instrument itself, then the surrounding circumstances may be considered in determining the same. Pickens v. Dorris, 20 Mo. App. 1;

Patten v. Herring, 9 Tex. Civ. App. 640, 29 S. W. 388, 391, 392 (writ refused).

The restraints imposed by a spendthrift trust greatly hamper the beneficiary in the free use and enjoyment of the income therefrom and are necessarily humiliating to such beneficiary. A trust should not be construed to belong to that class unless it appears reasonably clear that such was the purpose of the donor or testator. 26 Am. & Eng. Ency. Law (2d Ed.) pp. 141, 142; Dieke v. Dieke, 182 Ill. App. 13, 17; 25 R. C. L. p. 357, § 8. While the will under consideration discloses that the testator thought the interest of Mrs. Maloney and her children would best be served by placing the corpus of the property, during her lifetime, in the hands of competent trustees, it further shows that he gave to her the entire income therefrom during her life, not only without restraint of any kind, but without even a request or suggestion as to how the same should be expended. We think the income from the property held by plaintiffs in error in trust for Mrs. Maloney is subject to her voluntary disposition by anticipation, assignment, or otherwise as she may see fit, and it follows as a necessary result that it may be by proper process subjected to her debts.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.